Parker C. J.
delivered the opinion of the Court. The principal question in this case is upon the construction of a clause in the deed of Garlick to the plaintiff, which is in terms a reservation of the right to use a stone-quarry upon one of the lots described in the deed.
Before the execution of this deed, Garlick, then owner of the land, had leased the quarry, with the right of ingress and egress, to Middlebrook and others, for ten years then unexpired. The object of the reservation was to secure the rights of the lessees during the continuance of the lease ; and the presumption of law is, that whatever diminution of value this occasioned to the title conveyed to the plaintiff, was accounted for in the consideration paid.
This lease, or agreement which had the effect of a lease, was, by consent of all the parties to it, cancelled after the execution and delivery of the deed to Farnum, and he contends that, on such cancellation, he held the land under the deed, free from the right secured by the reservation. We do not think this is the true construction of the reservation ; but that its effect was to exclude from the operation of the grant, the use of the quarry by Farnum, during the time provided in the agreement for its continuance. This is the most natural construction, and such as was intended by the parties at the time. The words “until the expiration of the lease” mean, until it shall expire according to the terms of it, and not the termination of it by a new agreement between the parties to it. And the reservation enures to the use of the lessor as well as the lessee ; for it saves the quarry from the operation of the deed, for *353 the time, as much as it would, if the reservation had been for the unexpired time, without any mention of the lease. Therefore Garlick, or those lawfully holding under him, would not be liable in trespass, for taking stones from the quarry.
And as the way, used for access to the quarry, was not limited or defined, the shutting up the way commonly used gave the right to pass to and from, in any course least prejudicial to the owner of the land. This, according to the verdict oi the jury, was done by the defendant in this case.

Plaintiff nonsuit.