Leonard *v.* Leonard.

---

## WILLIAM H. LEONARD *vs.* AMASA LEONARD.

If the owner of land bounded on one side by a highway, and on all other sides by lands of other owners, has a prescriptive right of way over one of the adjoining lots, by which he can reach the highway, and sells that portion of his land which is next to the highway, he retains no right of way by necessity over the same.

A deed of land bounded on all sides by lands of other owners passes as appurtenant an existing prescriptive right of way over one of the adjoining lots to other land of the grantor, and a way by necessity over the latter.

If the owner of land which is subject to a right of way obstructs the way, a person entitled to use the same may enter upon and go over adjoining land of the same owner, doing no unnecessary damage.

Tort, for breaking and entering the plaintiff's close. The defendant justified under a right of way. The situation of premises is shown by the accompanying plan.

At the trial in the superior court, it appeared that the two lots A and B always belonged to the same person until 1844, when B was purchased by the defendant. The title to A afterwards became vested in the plaintiff, through mesne conveyances. C was never owned by the owner of A and B. B, when purchased by the defendant, was surrounded by lands of other persons; and he claimed a right of way by prescription over C, and by necessity over A. To rebut the latter claim, the plaintiff proved that B extended to the Bridgewater road until 1831, when Apollos Eaton, the owner of the whole lot, sold the portion next to the road to George W. Keith; and he contended that Eaton retained a right of way by necessity to the road over the land thus sold. But the defendant contended, and the jury found specially, that in 1831, when Eaton sold to Keith, he had a right of way by prescription over C to A, which was then owned by him; and that this right existed in 1844, when the defendant purchased B.

In order to show that the defendant, if he had a right of way over A, had exceeded it, it was proved that a portion of the lot over which the way had generally been used was ploughed up and fenced, and the defendant thereupon entered from Hall's Lane, at a different place, and came into the usual way as soon as possible; that this place of entrance was then obstructed, and the defendant entered at a still different place; and that a new obstruction was made, and yet another place of entrance used. It was not contended that the defendant had done any unnecessary damage, by his deviations, if under the circumstances he had a right to deviate from the usual way.

Upon these facts, *Rockwell,* J. instructed the jury that the defendant did not acquire any right by necessity to pass over A from B; and, if he did have such right, he had no right to deviate from the path usually travelled by him, on account of the obstructions placed there by the plaintiff; and directed a formal verdict for the plaintiff, which was rendered; and reported the case to this court.

*C. I. Reed,* for the plaintiff.

*E. H. Bennett,* for the defendant.

BIGELOW, C. J. On the facts proved and specially found by the jury, it is clear that the owner of lot B had no right of way by necessity over the parcel of land sold to Keith in 1831. At that time, he had another means of access to the highway from lot B, by his prescriptive right of way over the intermediate lot C, and thence through his own land to the road. When he sold to the defendant in 1844, he had the same right. It follows that, by conveying to him lot B, the easement over lot C passed as appurtenant, and a right of way by necessity passed by the grant over lot A. In other words, there was appurtenant to the land granted to the defendant a right of way to other land of the grantor, and there being no access to the highway except by the way appurtenant and by passing over the land of the grantor, a right of way by necessity was conveyed over lot A. In legal effect, the rights of the parties were the same as if lots A and B adjoined each other, instead of being separated by lot C, over which the right of way by prescription existed. *Brigham* v. *Smith*, 4 Gray, 297, & cases cited.

The same result may be reached by a somewhat different process. It is always competent, in order to show the real intent of the parties to a deed, where it is not clearly expressed, or where some easement or privilege essential to the enjoyment of the land granted is left to implication, to show the local position of the land, its relative situation to other land of the grantor and to that of surrounding owners, the difficulty of gaining access to it, and the mode in which the grantor used and enjoyed it in connection with his own adjoining estate. When land is conveyed with no access to it except over other land of the grantor, the inference is that the grantor intended that a right of way over his other land should pass by the grant. If it be shown, in such a case, that a particular way was used for a long time over one parcel in order to get access to the other, it tends to show that the grantor deemed the way used by him to be convenient, useful and necessary, as appurtenant to the land granted, and thus indicates that it was his intention to convey it as an essential right or easement to the enjoyment of the estate. The evidence in this case proves that the owner of lots

46*

A and B, at the time of the grant to the defendant of the latter tract and for a long time previous, had gained access to it by passing through his lot A from Hall's Lane. From this, in connection with the fact that there was no access to the highway from the land granted, the natural, necessary and legal inference is, that he intended to convey the same right or easement which he had previously used in connection with the land granted. *Salisbury* v. *Andrews*, 19 Pick. 250. *Atkins* v. *Bordman*, 2 Met. 464.

The right of the defendant to enter on the plaintiff's land, and to pass over it in another direction than that in which the way had been generally used, was clear and unquestionable. The plaintiff having obstructed the passage by the usual path, the defendant had a right to enter and go over adjoining land, doing no unnecessary damage. *Farnum* v. *Platt*, 8 Pick. 339.

*New trial granted.*