Jarstadt vs. Smith.

<hr>

JARSTADT vs. SMITH.

*December 22, 1880 — January 11, 1881.*

RIGHT OF WAY. *(1) Implied grant or reservation in deed. (2) Remedy of grantee for obstruction of way.*

1. In every deed of a part of the grantor's land, without express provision on the subject, there is an implied grant, or reservation, of easements of necessity for the enjoyment of the part conveyed, or of the part retained.
2. If the owner of land which is subject to a right of way obstructs the way, a person entitled to use the same may enter upon and go over adjoining land of the same owner, doing no unnecessary damage.

APPEAL from the Circuit Court for *Manitowoc* County.

Trespass to the close. Defendant appealed from a judgment in favor of the plaintiff. The case is stated in the opinion.

For the appellant there was a brief by *Nash & Schmitz,* and oral argument by *Mr. Nash.*

For the respondent there was a brief by *H. G. & W. J. Turner,* and oral argument by *W. J. Turner.*

CASSODAY, J. This is an action for a trespass alleged to have been committed March 27, 1879, by the defendant unlawfully breaking and entering the close of the plaintiff. The defendant denied the alleged trespass, and alleged that the *locus in quo* was at the time a public highway, and had been for more than twenty years, and was the only means of passage to and from his dwelling-house to the public street; and that the alleged trespass consisted in removing obstructions placed there-

Jarstadt vs. Smith.

in by the plaintiff. The undisputed evidence shows that the defendant had owned the lot where he then resided, for twenty-three years, and had lived upon it with his family for twenty years; that there was no passage-way therefrom at the time of the alleged trespass, except by removing portions of fences constructed by the plaintiff, a short time previously, at and near the point in question; that there had been a traveled path or roadway from Main street to his house, where it terminated, for twenty years; that such path or roadway passed near the point in question; that for some years previous there had been a gate across the entrance to the path or roadway at Main street; and that a short time before the alleged trespass the plaintiff built fences across a portion of the usual traveled path or roadway, and March 13, 1879, notified the defendant that he had been using his lands (meaning said path or road-way) for a private way to Main street, and that whatever license he might have had to use the same for such purpose was thereby revoked, and he was thereby expressly forbidden to use the land, or any portion thereof, for that or any other purpose. The defendant was also allowed to give evidence, without objection, to the effect that he bought the land where he lived of Spencer Clark, who then owned all the land from the piece so purchased to Main street, and that the only way to get from the land so purchased by the defendant to any public highway was to pass over the lands so owned by Spencer Clark, and along or near the path or roadway in question, and that he had used said path or roadway for that purpose. This evidence was not disputed.

It appears, therefore, that the plaintiff necessarily claims as grantee under Spencer Clark of whatever lands he owns between the defendant's premises and Main street, including the path or roadway, and the place of the alleged trespass, and that he acquired the same subsequently to the defendant's purchase of Spencer Clark. Could the plaintiff, as such grantee, exclude the defendant altogether from the right of passage

Jarstadt vs. Smith.

from the land which he had previously purchased of Spencer Clark, the common grantor? We are clearly of the opinion that he could not. Upon this point we are content to cite and follow, without attempting to add anything to the discussion, *Dillman v. Hoffman*, 38 Wis., 559, where it was held that "in every deed of a part of the grantor's land, without express provision on the subject, there is an implied grant or reservation of easements of necessity for the enjoyment of the part conveyed, or of the part retained." This is directly applicable to this case, and shows that the defendant had a right of necessity, from his house to the public highway, over the lands of the plaintiff; and in view of the fences built by the plaintiff, and the notice he served upon the defendant, the latter took the most direct and convenient route, and with as little interference as possible with the fences and lands of the plaintiff. This departure from the usual track, after the same was obstructed by the plaintiff, was fully justified by the authorities cited; for it is well established that if the owner of land which is subject to a right of way obstructs the way, a person entitled to use the same may enter upon and go over adjoining land of the same owner, doing no unnecessary damage. *Smiles v. Hastings*, 24 Barb., 44; *S. C.* affirmed, 22 N. Y., 217; *Leonard v. Leonard*, 2 Allen, 543; *Kent v. Judkins*, 53 Me., 160; 2 Waterman on Trespass, § 707.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.