[No. 3753.]

DURKEE ET AL. V. JONES.

1. PLEADING—PRACTICE—EVIDENCE—EASEMENT.

Under a complaint alleging a right to an easement by grant and prescription, evidence is admissible to establish such right by grant.

2. EASEMENT—APPURTENANCE.

Where an agreement establishing a private alleyway contains no mention that it is appurtenant to any particular estate, it will be inferred that it was intended by the parties to be appurtenant to lots which, from their situation in respect to the alley and its availability for use in connection therewith, it clearly appears that it was intended that it should be appurtenant thereto.

3. SAME—JOINT ESTATE—PARTITION.

Where an alleyway was appurtenant to a tract of land held by joint owners, upon partition of the tract between the joint owners, the right to the use of the alley attached as an appurtenance to each portion.

4. CONVEYANCES—EASEMENTS.

Where the owner of a lot to which an alleyway was appurtenant conveyed the lot by warranty deed, the right to the use of the alley passed with the deed without express mention, and a subsequent conveyance by the grantor of her interest in the alley conveyed no rights therein.

5. SAME.

Where the owner of a lot to which an alleyway was appurtenant conveyed by warranty deed that part of the lot to which the alleyway was servient, including the ground embraced in the alley without any reservation of rights in the alley, the deed operated to release whatever right the grantor had in the premises conveyed for alley purposes, and a subsequent grantee of the balance of the lot acquired no rights in the alley.

6. LIMITATION—COLOR OF TITLE.

The statute of limitation, section 2924, 3 Mills' Ann. Stats., contem-

plates that the color of title on which one who invokes the benefit of the statute relies, must be based on a paper title.

7. CONVEYANCES—INCHOATE PRESCRIPTIVE RIGHTS.

Inchoate prescriptive rights to easements do not pass by deed, unless specifically mentioned, and although an alley has been in existence for more than twenty years if the deeds under which the lot owners claim title do not mention the alley, and none of the lot owners nor any of their grantors enjoyed the use of the alley for twenty years, no right by prescription has been acquired in the alley.

8. EASEMENTS—PAROL LICENSE—INNOCENT PURCHASER—EVIDENCE.

A parol license for the use of an alley given by the owner of the dominant estate in the premises to which the alley is appurtenant, though under certain conditions it might be binding upon the grantor, could not affect a subsequent innocent purchaser of the premises without notice of the license, and such parol agreement is not admissible in evidence against such innocent purchaser.

9. EASEMENTS—CHANGE IN LOCATION OF ALLEY—ESTOPPEL.

Where an alleyway was moved by acquiescence of all parties interested, the party for whose benefit it was moved cannot close the new way, nor prevent its use by one who had an appurtenant right to the use of the old alley, without restoring the old one.

10. EASEMENTS—ALLEYWAY—CONTRACTS.

Where an alleyway was moved for the benefit of certain premises across which it ran, and a tenant of the premises entered into an agreement with lot owners who had an appurtenant interest in the old alleyway, but had no right by grant in the new one, that he would not close the alley for three years, the agreement might be admissible in evidence as showing that the parties had no right to the use of the alley by prescription or limitation, but was not an instrument affecting the title to the premises across which the alley ran, upon which the owner could rely as a surrender by the parties thereto of their appurtenant right of way across his premises.

*Appeal from the District Court of El Paso County.*

THE subject-matter of this controversy is an alleged alley, embracing portions of the south forty-eight feet of lots 27 and 28 and block 91 of the city of Colorado Springs. Appellee threatened to close the way claimed to be embraced in this alley. To restrain this act, appellants, as plaintiffs, brought this action in the court below. From a judgment denying them the relief demanded, and adjudging appellee the owner of the premises in dispute, unburdened with any easements

for alley purposes, they bring the cause to this court for review on appeal.

Messrs. COLBURN & DUDLEY and Mr. ROBERT E. LEWIS, for appellants.

Messrs. BLACKMER & MCALLISTER, for appellees.

MR. JUSTICE GABBERT delivered the opinion of the court.

Appellants claim their right to the disputed portion of the alley by grant, adverse user under the statute of limitations of the state, and by prescription.

It is urged by counsel for appellee that appellants were not entitled to introduce any evidence to establish a right to the disputed portion of the alley by grant. This point is not well taken. It is alleged in the complaint " that the plaintiffs, and each of them, are entitled to and have the right to use " the way in dispute for alley purposes by grant and prescription. This averment is sufficient to advise appellee that plaintiffs would attempt to establish their right to the easement in dispute by grant; and was, therefore, sufficient to entitle them to introduce evidence for the purpose of establishing such right upon that ground.

We will first determine what rights, if any, are established in appellants by grant.

In June, 1874, Nat Wilson conveyed portions of the north 109 feet of the east twenty-two feet of lot 27, block 91, city of Colorado Springs, to John Stanley, Jr., C. H. White, Emeroy L. Sweet and Thomas Wanless, such conveyances being in severalty, except as to the grantees White and Sweet, who purchased their tract jointly. On the same date an agreement was entered into between these parties, whereby an alley was established embracing five feet of the ground purchased from Wilson, and five feet adjoining it on the west, which he owned, which alleyway included the remaining portion of lot 27 and three and one fourth feet of lot 28, adjoining lot

27 on the west. On the same date he entered into another agreement with White and Sweet, grantees above mentioned, whereby he granted to them a private alleyway through the remaining portion of lot 27 to the south, for their sole and exclusive use and benefit, subject to his right to use the land so granted for alley purposes. This agreement did not state that the alleyway so established was appurtenant to any lands of White and Sweet. Both of these agreements were recorded. To what particular lots the right by him reserved in this portion of the alley was to attach as an appurtenance, is not altogether clear from the latter agreement, but this question does not become material, for reasons which will appear later.

By these two agreements a private alley ten feet in width was established from the main street upon which lot 27 fronted, to the public alley in the rear, with a jog at the point where the two sections joined, by reason of which a portion of lot 27 was left lying to the west of the south portion of such alley. Appellants, except Durkee and Struble, are the owners in severalty of the north 109 feet of the east twenty-two feet of lot 27, Bonbright and Hibbard owning two tracts. Their tract on the corner of Pike's Peak avenue and Tejon street will be designated as the "north tract," and the one adjoining, the "south tract." Appellant Struble owns the twenty-three feet of lot 27, adjoining the east twenty-two feet of the north 109 feet of lot 27 on the south, and a part of lot 28, three and one fourth feet in width, immediately adjoining on the west. Appellant White owns the tract adjoining the south tract of Bonbright and Hibbard, and appellant Van Orden the tract between that and the one owned by Struble. Appellant Durkee is the owner of lots 28 and 29, except the east three and one fourth feet of lot 28. Appellee Jones owns the remaining portions of lot 27, and the adjoining part of lot 28, three and one fourth feet in width, subject to whatever alley rights exist over and across some portion of the west seventeen feet of his premises. This is the alleyway in dispute. In order to ascertain

what rights, if any, in and to this alleyway exist in appellants by grant, as originally established under the agreement between Wilson, Sweet and White, it becomes necessary to consider the abstracts of title to the premises, to which this alleyway could attach as an appurtenance, as shown by the records in the office of the county clerk and recorder of El Paso county, as well as the abstracts to the tracts directly affected by such agreement.

### BONBRIGHT AND HIBBARD SOUTH TRACT.

June 26, 1874, Wilson to White and Sweet; July 23, 1874, Sweet to White for south half of this tract; July 23, 1874, White conveys to Sweet the north half of this tract; January 8, 1875, Sweet to Abbott and Spier the last mentioned tract.

### DURKEE TRACT.

March 16, 1876, Wilson to Stewart; December 29, 1880, Stewart to Wells; January 24, 1883, Wells to Adams; December 20, 1889, Adams to Durkee.

### SOUTH PORTION OF ALLEY TRACT.

February 21, 1879, Sweet (her interest) to White; January 11, 1881, White to Wells, undivided $\frac{1}{2}$ interest in above described tract. White and Wells also obtained title to that portion of lot 27 lying west of the south portion of the alley, as originally established, and the east $3\frac{1}{4}$ feet of the south 71 feet of lot 28. These conveyances embraced the west 17 feet of the land now claimed by appellee. They then transferred by warranty deed, without any reservation whatever, the land last above described to remote grantors of appellee, who deraigns title thereto by mesne conveyances, which make no mention of any reservation of any part thereof for alley purposes. After these conveyances Wilson quitclaimed to White and Wells his interest in this south alley tract.

### STRUBLE TRACT.

Appellant Struble appears to have obtained title to the

west seventeen feet of the tract now owned by him by war-
ranty deed from Wells and White to his predecessors, which
make no mention of alley rights, nor reserve any portion
thereof for that purpose, so far as the south part of the alley
is concerned.

The agreement between Wilson, White and Sweet regard-
ing the south portion of the alley, although it contained no
mention that it was appurtenant to any particular estate,
must, so far as it affects the rights of appellant White, and
the rights of Bonbright and Hibbard to their south tract, be
deemed an appurtenance, originally, to these tracts, because
from their situation with respect to this portion of the alley,
its availability for use in connection therewith, and the fact
that it adjoined an alley in which these parties also had a
right, are circumstances from which it is clearly inferable that
it was intended by the parties entering into the original agree-
ment respecting it, that it should be appurtenant to these
lands. *Kramer v. Knauff*, 12 Ill. App. 115; *Hopper v.
Barnes*, 45 Pac. Rep. 874; *Dennis v. Wilson*, 107 Mass. 591;
*The L. & N. R. Co. v. Koelle*, 104 Ill. 455.

The tract to which this alleyway originally attached as an
appurtenance, was jointly held by White and Sweet. By
their subsequent division of these premises, the right to the
use of the alley attached to each portion as an appurtenance.
*Hills v. Miller*, 3 Paige's Chan. 254; 6 Ency. Law, 152, n. 2.

When Mrs. Sweet conveyed her tract to Abbott and Spier,
the right to the use of the south portion of the alley in con-
nection with this tract passed as an appurtenance, without
express mention in the deed.  *Clark v. Gaffney*, 116 Ill. 362.

Consequently, the conveyance of Mrs. Sweet of her inter-
est in this alley to White, gave him no rights therein, because
prior to such conveyance she had already parted with her
title and interest therein by virtue of her conveyance of the
tract to which this alley was appurtenant.  The only interest
which White had in this part of the alley was by virtue of his
ownership of his tract which he originally owned in common
with Mrs. Sweet, and the parts of 27 and 28 owned jointly

with Wells.   The only interest which Wells could have had in the disputed alley was such as he acquired by virtue of his ownership of the lots now owned by Durkee, and his interest in that part of 27 and 28 owned jointly with White.   While these parties were respectively the owners of the premises to which the south part of the alley could attach as an appurtenance, they conveyed to remote grantors of appellee, by warranty deed, the west seventeen feet of the ground which he now owns, without any reservation whatever.   Being the owners of the dominant tenements at the time they executed these conveyances, they operated to release whatever rights they may have held in these premises for alley purposes.   6 Ency. Law, 146 ; *Morse v. Copeland*, 2 Gray, 302.

Wells and White had succeeded to all the rights of Wilson prior to these conveyances, and it is not necessary to determine what rights the latter may have reserved in this portion of the alley, under his agreement regarding it with White and Sweet, because Wells and White purchased the land from him to which it could in any way attach as an appurtenance. It does not appear what date the immediate grantee of Wells and White of the west seventeen feet of the tract now owned by appellant Struble, obtained his title.   If a conveyance of this portion of the Struble tract was made prior to the time when the west seventeen feet of the ground now owned by appellee was made by Wells and White, it might be that under the agreement respecting this part of the alley Struble would have acquired a right therein by grant, but whether he has or not cannot be determined from the record.

After the conveyance by White and Wells of the ground embraced in the disputed alley, the latter conveyed the premises now held by appellant Durkee, but as Wells, by his own act, had extinguished all rights, so far as he was concerned, in the alley for the benefit of these premises, he had none to convey.   From these considerations, we conclude that it appears from the record evidence, that the rights to the portion of the alley over the premises of appellee, in so far as they

attach to the south tract of appellants Bonbright and Hibbard, have never been extinguished.

We will next consider the claim of appellants (other than Bonbright and Hibbard) to this alley under the statute of limitations of this state. Sec. 2924, 2 Mills' Ann. Stats.; amended, sec. 2924, 3 Mills' Ann. Stats. Conceding that this statute applies to easements, and that upon full compliance with all its provisions, title to an easement may be obtained, nevertheless, it cannot aid appellants; because it contemplates that "color of title," made in good faith, upon which the party seeking the benefit of this section relies, must be based upon a "paper title." *De Foresta v. Gast*, 20 Colo. 307; *Knight v. Lawrence*, 19 Colo. 425.

The claim of appellants to this alley by prescription is based upon the fact, as they assert, that it has been used by them and their grantors for more than twenty years. This claim is not tenable, as it appears from an examination of the conveyances above abstracted, and others in the record affecting their title, that neither of appellants, nor any one of their grantors, has been the owner of these tracts for the period of twenty years; and although more than that period has elapsed from the time the alley was first established, down to the date when this action was commenced, such rights would be inchoate as to any particular owner, unless enjoyed for the full period. In none of the conveyances to these several tracts is any attempt made to convey such rights, and as inchoate prescriptive rights to easements do not pass by deed, unless specifically mentioned, appellants have acquired no easement in the disputed alley by prescription. Washburn on Easements (4th ed.), 59; *Spaulding v. Abbott*, 55 N. H. 423; *Swazey v. Brooks*, 34 Vt. 451; *Meek v. Breckinridge*, 29 Ohio St. 642.

It is urged by counsel for appellants that the court erred in the reception and rejection of testimony. Numerous errors are assigned of this character, only one of which will be noticed, as it is clear that, even if the court technically erred in this respect, as to those matters which will not be passed

upon in detail, the improper evidence admitted, or the proper
evidence excluded, could not have changed the material facts
established by the testimony in the case, upon which the
rights of the parties to this controversy rest.   On the trial
appellants sought to show, by witness Sweet, that at the time
of the execution of the agreements establishing the two sec-
tions of the alley, there was an understanding between the
parties to these agreements that the south portion of the alley
was to be used by the owners of the tracts abutting the north
part, who were not parties to the agreement establishing the
south part.   This was refused by the court.   Previous to in-
terrogating the witness on this subject, he had answered that
the south portion of the alley " was bought for the uses and
purpose of Mr. White, Mrs. Sweet and Mr. Wilson, or, rather,
for the use of the two properties ; and Mr. Wilson reserved
the use of it for his property on the west."   The two prop-
erties mentioned are those now owned by appellant White,
and the Bonbright and Hibbard south tract.   This answer
would indicate that there was no parol agreement such as
appellants sought to establish ; but conceding there was, and
upon the theory that a parol license to use the south part of
the alley was granted, which, under certain conditions, could
not be revoked by the licensees, or might have been binding
upon their vendor, Wilson, that could not affect those who
were not parties to such agreement, or had no notice of its
existence ; and as appellee Jones had no such notice, his rights
could not be affected by such an arrangement.   *Atlanta Mills
v. Mason*, 120 Mass. 244.

   After the transaction by which Wells and White disposed
of the west seventeen feet of the ground now claimed by
appellee Jones, it appears that the south portion of the alley
was moved westward so as to be directly in line with the north
part, and the alley to the south, as originally established,
built upon, except a strip on the west side about one foot in
width.   This arrangement appears to have been acquiesced
in by all parties interested, and evidently was made for the
particular benefit of the then owners of the Jones tract, as it

enabled them to utilize more ground for building purposes, and still maintain an alley across these premises. To the south portion of the alley, as now established, except a strip of about one foot, appellants Bonbright and Hibbard have no right by grant, but the change in the alley being for the benefit of the former owners of the Jones premises, appellee cannot close the new way, or prevent its use by Bonbright and Hibbard as an appurtenance to their south tract, without restoring the old one. 6 Ency. Law, n., 150, 151; *Hamilton v. White*, 5 N. Y. 9.

On behalf of appellee it is claimed that what is designated as the Walling agreement establishes the rights of Jones to the premises in dispute, clear of any easement in favor of either of appellants. From this agreement, it appears that one Walling, who was then a tenant of the owner of the south twenty-five feet of the Jones tract, agreed with appellants Durkee, Struble and White, and one T. S. Brigham, who was then the owner of an undivided one-half interest in the south tract now belonging to appellants Bonbright and Hibbard, that for the period of three years he would not obstruct the passage-way across the premises occupied by him, which, according to the description of such way, did not include any ground embraced in the alley as originally established over these premises. For the purpose of proving that the parties who entered into this agreement with Walling had no rights in such premises by prescription, or under the statute of limitations, this evidence was material, but the only party who signed this agreement, who had a right in the disputed way by grant, was Brigham. It is not so worded as to indicate an acknowledgment upon his part that he had no such right, did not embrace a way in which he was interested by grant, and therefore, although placed upon record, was not an instrument affecting the title to the premises now owned by appellee, upon which he could rely as an acknowledgment that the grant of the right of way across his premises as an appurtenance to the Bonbright and Hibbard south tract had been surrendered, or would not be asserted.

From the conclusions reached, it is manifest that the judgment of the trial court must be modified. The cause is remanded to the lower court, with directions to enter a judgment, establishing an alley across the west part of appellee's premises not built upon, not exceeding ten feet in width, as an appurtenance to the Bonbright and Hibbard south tract. As so modified the judgment will stand affirmed. The costs in this court will be equally divided between the respective parties to the action. In the court below, appellee will recover the costs incurred by him, in defending the action against appellants, except Bonbright and Hibbard, who shall recover their costs.

*Modified and affirmed.*

CAMPBELL, C. J., not participating.