### J. BRANTLEY WILLIAMSON v. ANNA E. WILLIAMSON ET AL.

Decided January 30, 1909.

**1.—Pleading—Trespass to . try Title—Petition.**

A petition, in an action of trespass to try title, alleging that the plaintiff was the owner in fee simple of the premises described, and that the defendant was setting up some pretended claim thereto which cast a cloud on plaintiff's title, and endorsed "This action is brought as well to try title as for damages," considered in connection with an allegation in defendant's answer that he had an actual interest in the premises sued for, sufficiently stated the nature of plaintiff's cause of action as against a general demurrer acted on after the answer was filed.

**2.—Limitation—Five Years' Statute.**

Where the surviving wife purchased the land in suit, giving the community homestead in part payment therefor, and after such purchase conveyed a certain lot to the son, the deed reciting that it was an advance, but afterwards, contending that her conveyance was in fact made as an extinguishment of the son's interest in the land in suit, she expressly repudiated his claim to any interest therein and remained in possession under her recorded deed, occupying it as her homestead, and claiming it as her own and paying all taxes for five years after such repudiation, the claim of the son was barred under the statute of limitation of five years.

Appeal from the District Court of Henderson County. Tried below before Hon. B. H. Gardner.

*G. W. Allison,* for appellant.

*John S. Prince,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This is an action of trespass to try title instituted August 21, 1907, by Anna E. Williamson, D. J. and Alice Payne, against John Brantley Williamson, appellant. On February 4, 1908, plaintiffs filed their third amended original petition, in which it was alleged that Anna E. Williamson was the owner of lots 4 and 8, and D. J. and Alice Payne were the owners of lots 3 and 7 in block 21, of the town of Athens, and that defendant is setting up some pretended claim thereto. Plaintiffs further allege

title to the said lots under the three and five years statutes of limitation. They prayed for a cancellation of the cloud upon their title, for costs and general relief. The defendant answered by a general demurrer, general denial, and that he had an actual interest in the lots in controversy. A trial was had before the court without a jury, and judgment rendered removing the cloud from the title and for costs of suit. Defendant excepted to the judgment and perfected an appeal.

Appellant assigns as error the action of the court in overruling this defendant's general demurrer to plaintiffs' third amended petition upon which the cause was tried. It is contended that the allegation, that the defendant is setting up some pretended claim to the property sued for, thereby casting a cloud on plaintiffs' title, does not sufficiently state the nature of plaintiffs' cause of action. The petition alleged that plaintiffs were the owners in fee simple of certain premises, describing the same, and that the defendant is setting up some pretended claim thereto. The petition was endorsed, "This action is brought as well to try title as for damages." The defendant answered that he has an actual interest in the premises sued for. The answer was filed before the exception, which was only a general demurrer, was acted upon. The averments in the petition when considered in connection with the answer were sufficient and the court did not err in overruling defendant's demurrer. (Rains v. Wheeler, 76 Texas, 390; Day Land & C. Co. v. State, 68 Texas, 526.)

Upon the trial the court filed conclusions of fact wherein he found, among other matters, that John T. and plaintiff, Anna E. Williamson, were husband and wife; that they had four children, to wit: John Brantley Williamson, the defendant in this suit, Alice Payne, the wife of D. J. Payne, both being parties in this suit, Jessie Myrick, the wife of E. M. Myrick, who intervened in this suit and files a disclaimer, Mary Williamson, who resides with her mother on the property in controversy; said Mary Williamson also intervened and filed a disclaimer. That the said John T. Williamson and Anna E. Williamson owned one lot of land in the town of Athens, which was their community real estate and was the homestead at the death of John T. Williamson, who died November 9, 1886. On the 24th day of November, 1897, Mrs. Anna E. Williamson purchased the four lots involved in this suit, the consideration for same being One Thousand Dollars; said community lot was put in at Five Hundred Dollars. The defendant, J. B. Williamson, and his sister, Mrs. Payne, joined Mrs. Anna E. Williamson in the deed to the purchasers; the balance of the One Thousand Dollars was paid by Mrs. Anna E. Williamson. The court also made findings as follows: "I find that plaintiff, Anna E. Williamson, conveyed lots three and seven (in controversy) to plaintiffs, D. J. and Alice Payne, on February 12, 1903, for Four Hundred Dollars, Three Hundred Dollars of which was an advancement to Alice Payne and One Hundred Dollars cash, and that said conveyance was duly registered in the deed records of Henderson County, Texas, on the day of its execution, and that D. J. and Alice Payne have occupied same and had continuous, peaceable and adverse possession of same, using and enjoying the same ever since;

and that they have paid the taxes thereon for the years 1903, 1904, 1905, 1906 and 1907, as it accrued, that is, that each year's taxes were paid before same became delinquent. And that defendant had notice of such adverse claim at all times. I find that the deed to Anna E. Williamson to the four lots in controversy was duly registered on December 11, 1899, and that she has paid all taxes due on all four lots for the years 1898, 1899, 1900, 1901, 1902 and 1903, and all taxes on lots four and eight for the years 1904, 1905, 1906 and 1907, paying all of the taxes for each and every year as same became due. I find that she has had peaceable and adverse possession of all four lots from the date of the deed to her until the date of her deed to D. J. and Alice Payne, and since then to the remaining two lots, four and eight, and now occupies same as her home, and has resided thereon ever since the deed was made to her. I further find that she has expressly repudiated the claim of the defendant to any interest in the four lots as early as May, 1902, and that her claim to all of said land from then until February 2, 1903, when she deeded to D. J. and Alice Payne two of the lots, was known by the defendant to be adverse and hostile to his claim, and that defendant has at all times since May, 1902, had knowledge that plaintiffs' claims were adverse to him. That he was expressly and personally notified of such adverse claim, as stated above, by Anna E. Williamson, and that such notice was more than five years before the filing of this suit."

The court below held that the defendant's claim to the property was barred by the five years statute of limitation. The correctness of this holding is challenged by the appellant. Appellant argues that when Mrs. Anna E. Williamson purchased the four lots in controversy, giving the old homestead in part payment therefor, each of the heirs acquired an interest therein in the same proportion to his interest in such old homestead. If this contention were conceded, still, under the court's findings of fact, the proper judgment was rendered in the case. After the lots in controversy were acquired by Anna E. Williamson she conveyed to appellant a one-acre lot in the suburbs of the town of Athens for the consideration of two hundred dollars. The deed contained a recital as follows: "The above recited consideration of two hundred dollars is expressly understood to be an advance by me made to my son, John Brantley Williamson, as a part of my estate which he is to inherit, so that when my estate shall be divided between my several children each one of my other children is to receive an advance of two hundred dollars before he is entitled to an equal division with them." Anna E. Williamson insisted that this conveyance was in fact made as an extinguishment of appellant's interest in the four lots in controversy. This appellant denied. Thereafter and in May, 1902, Mrs. Anna E. Williamson expressly repudiated the claim of appellant to any interest in these four lots. He was expressly and personally notified by her of such repudiation, and from that time her possession and occupancy became adverse. But it is insisted that the property was paid for in part by an exchange of the old homestead which was community property and said property in controversy having since continuously been the homestead of

Mrs. Williamson, the five years statute of limitation did not run against appellant's claim. This contention is not sustained. The fact that Mrs. Williamson was occupying the property as her homestead did not excuse appellant for his failure to bring suit and have his title established. (Mayes v. Manning, 73 Texas, 44.) Mrs. Williamson had personally notified appellant that she repudiated his claim to an interest in the lots, and thereafter remained in possession, claiming the property as her own, paying all taxes thereon until February 12, 1903, at which time she conveyed lots 3 and 7 to D. J. and Alice Payne. She continued in possession of lots 4 and 5, claiming title to the same and paying all taxes thereon until the filing of this suit, which was more than five years since she notified appellant of the repudiation of any claim by him to the property. D. J. and Alice Payne took possession of lots 3 and 7 as soon as they purchased the same and have paid all taxes thereon and claimed title to the same to the time of filing of this suit. The deed to Mrs. Williamson for the four lots, as well as the deed from her to the Paynes, was duly filed for record and registered.

We conclude that the holding of the trial court that appellant's claim to the property in controversy was barred by the five years statute of limitation is correct. The judgment is affirmed.

*Affirmed.*

Writ of error refused.