AMERICAN CEMENT PLASTER CO. et al.
v. ACME CEMENT PLASTER CO.

(No. 793.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 27, 1915. On Motion for Rehearing, Jan. 5, 1916.)

1. TRESPASS TO TRY TITLE ☜32—PLEADING —PETITION—SUFFICIENCY.

A petition alleging title in fee simple in the plaintiff, that plaintiff was lawfully seised and possessed of the lands, that the defendant erected without consent of the plaintiff a telephone line across plaintiff's land and dug holes along and across the lands, wrongful possession of the lands by defendant, and that the defendant will continue to operate and construct the said telephone lines unless restrained, is, in spite of the prayer for equitable relief, a sufficient petition in trespass to try title, and an omission of the allegation of possession by defendant did not vitiate the petition, where it was alleged that the defendant claimed the right to the easement.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 39–41; Dec. Dig. ☜32.]

2. EASEMENTS ☜7—PRESCRIPTION—CHARACTER OF POSSESSION—TIME.

A prescriptive right to an easement is not acquired by possession and user for more than two years, since such right rests upon the same adverse, continuous, and uninterrupted use of land for ten years as would raise a presumption of a grant.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 16–19, 27, 33; Dec. Dig. ☜7.]

3. EASEMENTS ☜8—PRESCRIPTION—ACQUIESCENCE.

Although plaintiff alleged that the defendant had used a way for telephone lines across plaintiff's land for more than two years, that is not a sufficient admission of plaintiff's acquiescence to establish the prescriptive right, as mere pos-

session at certain times does not show an assertion and enjoyment of an easement.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 23, 24, 27–33; Dec. Dig. ☜8.]

4. TRESPASS TO TRY TITLE ☜38—BURDEN OF PROOF — PRESCRIPTION — ACQUIESCENCE OF OWNER.

In an action in the nature of an action in trespass to try title, it being necessary for the plaintiff to allege possession by the defendant, the plaintiff could not thereafter be compelled to show, in opposition to defendant's claim of prescription right to an easement, that he did not acquiesce in such possession.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 53; Dec. Dig. ☜38.]

5. TRESPASS TO TRY TITLE ☜56—JUDGMENT —IMPROVEMENTS.

Defendant for two years used a private telephone line over plaintiff's right of way, and claimed an easement by prescription. At plaintiff's suggestion defendant moved the poles to a public road which was also across their right of way. Held, that the court, in an action of trespass to try title to the land, properly decreed ownership of the poles in the plaintiff upon finding that the defendant had no right to use the lands; no equitable plea that defendant should have the improvements placed on the land in good faith being interposed.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 87; Dec. Dig. ☜56.]

On Motion for Rehearing.

6. EASEMENTS ☜54—LOCATION—CHANGE OF LOCATION.

Where defendant maintained a private telephone line over plaintiff's land for two years, he did not acquire such an easement as that, upon changing the location of the poles, he was entitled to a prescriptive right in the new way, nor, if he had showed an easement in the old way, could he assert the same right in the new, since it was his right to retain the old; no positive act of obstruction being shown.

[Ed. Note.—For other cases, see Easements, Cent. Dig. § 120; Dec. Dig. ☜54.]

Appeal from District Court, Hardeman County; J. A. Nabers, Judge.

Action by the Acme Cement Plaster Company against the American Cement Plaster Company and others. From a judgment for plaintiff, defendants appeal. Reversed in part, and remanded.

Huff, Martin & Bullington, of Wichita Falls, for appellants. D. E. Decker, of Quanah, for appellee.

HENDRICKS, J. The petition of the Acme Cement Plaster Company against the American Cement Plaster Company was originally presented to the district judge of Hardeman county, Tex., for the purpose of enjoining the last-named company and C. H. Newby from erecting, using, and maintaining a telephone line on and across sections Nos. 208 and 209, block H, W. & N. W. Ry. Co. surveys, situated in Hardeman county, Tex. Upon refusal by the district judge of the temporary writ, this court, in the case styled Acme Cement Plaster Co. v. American Cement Plaster Co., reported in 167 S. W. 183, in part reversed, and in part approved the action of the district judge.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

This particular trial was before the court without a jury, upon the merits, and judgment was rendered in favor of plaintiff, perpetuating the injunction, for part of the relief prayed for, and denying the same in part, also decreeing an easement in certain land to the American Company, and rendered judgment for the Acme Company for certain land, as hereinafter explained. The evidence showed that the Acme Cement Plaster Company, plaintiff, was the owner of the fee in all the above-described lands, and that the Acme Tap Railway Company owned an easement for the purpose of its railroad across said lands 100 feet wide, from the plant of the American Cement Plaster Company to an intersection of the Ft. Worth & Denver Railway Company. The telephone line of the defendant, the use of which is in litigation here, was erected upon the right of way of the Tap Railway Company, and a part of same was originally erected on the south side of the right of way of the Ft. Worth & Denver City Railway Company, and the Acme Company gave notice to the American Company to remove the latter line off of section 209. The American Company, in compliance with that request, after having procured permission from the county commissioners' court of Hardeman county, Tex., placed the poles, theretofore situated on the Denver right of way, on the Childress & Quanah public road, north of said right of way; but, before the wires were attached to and placed upon all the poles completing the line, this injunction was sought. Though the easement for a public road, upon which the line was attempted to be reconstructed, was in Hardeman county, the fee in the land, however, being in the Acme Company, and the American Company not having been incorporated for the purpose of constructing and maintaining telephone lines, the right of eminent domain, or the right to construct and maintain telephone lines over the public highways, did not exist. Acme Co. v. American Co., supra. This court said that one having an easement could not farm the same out to private individuals for private purposes, and that, as to the line attempted to be reconstructed by the American Company, the latter was plainly a trespasser and that the injunction against placing the poles upon the public road, should have been granted. This court further said:

"The petition is not sufficient in this case to warrant the restraint of the use of the line already constructed on the right of way, since acquiescence in its use is not negatived"—referring to that part of the telephone line on the right of way of the Acme Tap Railway Company.

In considering this case it is to be borne in mind that the relief solicited from the trial judge, and the matter exclusively passed upon by this court on the appeal was purely one of injunction, addressed entirely to the allegations of the original petition. The question of title, of course, was not involved, except as prerequisite allegations of claim of ownership for the purpose of passing upon the equitable relief. In this trial, upon the merits, the trial court continued the injunction as to that part of the line attempted to be reconstructed on the public road, decreeing the property to plaintiff, however, rendering judgment in favor of the American Cement Plaster Company to the extent of decreeing an easement on the right of way of the Acme Tap Railway Company, and continued the temporary order denying the writ as to that part of the land.

[1] Upon the question of title, and on account of the court refusing judgment in favor of the Acme Company, for the recovery of the possession of that part of the right of way of the Acme Tap Railway Company against the defendant American Company, the plaintiff by assignment seriously insists that error was committed. The position is that, preliminary to the injunction features of its petition, the petition is one in form of trespass to try title, and as it was conclusively shown that the title in fee existed in it, and that, as no sufficient reason is shown negativing this title, the judgment should have been in its favor. We think the petition, aside from the equitable relief set up, is in effect one in form of trespass to try title; the essential elements of that plea being embodied therein. The fee-simple title in fee was alleged in the plaintiff; that it was lawfully seised and possessed of the lands, with the exception of two of the easements above mentioned; that the defendants erected, without consent of plaintiff, a telephone line across plaintiff's land so owned and held in fee simple and over and along the right of way of the Acme Tap Railway Company; also alleging the digging of holes along and across defendant's lands; in effect alleging the wrongful possession by defendants of the land, and further averring "that defendant will continue to operate and construct said telephone lines unless restrained." The argument in the case of Rains v. Wheeler, Executor, 76 Tex. 393, 13 S. W. 324, by Justice Gaines, though not necessary to the decision, is very persuasive of the holding here. On the question of the lack of allegation of possession he said that the averments that a certain estate was the owner in fee simple of the land, and that defendant was setting up a pretended claim to the property, were sufficient to justify the reasonable intendment that the plaintiff was entitled to the possession of the premises, and that, while one of the requisite allegations of a petition is that a defendant has entered upon and dispossessed the plaintiff, it was evidently intended that it should be necessary to prove such allegation; and he further said that, because it is not necessary that a defendant should have possession of the disputed premises, it is sufficient that he claim title thereto, and asked the question:

"Why, then, under our liberal rules of pleading, * * * the allegation that defendant is claiming the premises, when such is the fact, be as effectual to maintain the action as the fiction that the defendant has taken possession and withholds the same from the plaintiff?"

The petition here in substance alleges a withholding of possession. See also Seay v. Fennell, 15 Tex. Civ. App. 261, 39 S. W. 181; Williamson v. Williamson, 53 Tex. Civ. App. 503, 116 S. W. 370.

Neither do the allegations for equitable relief devitalize the nature of the plea.

"The petition, in addition to asserting title and seeking adjudication thereof and possession, may set up such facts as are necessary to such relief as could be given only by a court of equity, without in the least depriving the action of its character of an action to try title to land. Dangerfield v. Paschal, 20 Tex. 536; Magee v. Chadoin, 44 Tex. 488; Allen v. Stephanes, 18 Tex. 669; Grimes v. Hobson, 46 Tex. 419." State of Texas v. Snyder, 66 Tex. 694, 18 S. W. 106.

[2] The defendant pleaded:

"That each and all of the telegraph and telephone poles and wires now in use by these defendants, and situated upon lands owned by the plaintiff, have been so used for a long time, to wit, for a period of more than two years, and that the same have been used by the defendant with the knowledge of the plaintiff, and that therefore the defendant has acquired the right by prescription to use said poles upon the lands aforesaid, through and by virtue of limitation and long-continued acquiescence of the plaintiff," etc.

Clearly this could not be the foundation of a plea of prescription for the purpose of basing a recovery for an easement in land thereupon. Prescription rests upon the same adverse, continuous, uninterrupted use of another's land for the purpose of proving an easement as would raise a presumption of grant, which in Texas is ten years, the longest period of limitation. International & Great Northern Ry. Co. v. Cuneo, 47 Tex. Civ. App. 622, 108 S. W. 714. Writ of error was denied by the Supreme Court in the latter case, and the sole question of an easement by prescription was decided. It is further held in the case of Austin v. Hall, 93 Tex. 591, 57 S. W. 563, by the Supreme Court, that to sustain such claim it must appear that the use upon which the right is predicated has continued for the requisite time, during which the owner of the land was not under disability to resist such a claim. Of course the question of disability is not in this case.

[3] While the trial court found that plaintiffs acquiesced in the use of their premises by the defendant and its predecessor for more than ten years, such a finding as a predicate for prescription is unwarranted. The pleading is not sufficient, and upon a careful examination of the statement of facts there is no showing of a continued, uninterrupted, adverse use, essential as constituent elements of proof of this character of pleading. It is true the plaintiff alleges that for about two years the American company used the line for the purpose of transmitting messages from their plant to the town of Quanah; but on the particular question under discussion such an admission, of course, is not sufficient. Mere possession of the land at certain times does not show an assertion and enjoyment of an easement. Texas Western Ry. Co. v. Wilson, 83 Tex. 153, 18 S. W. 325. The proof of user is no stronger, if as strong, in this case as the proof in the case cited, for the purpose of proving an easement, and the Supreme Court held the same insufficient.

[4] It is said, however, that acquiescence is shown which would deny a recovery. The American Company's right to an easement, when the question of ownership is concerned, involves a continued and adverse user; and referable to this question of title, plaintiff would not have to prove the use to the land, and then prove he did not acquiesce. As to that question, if there is no user, there can be no acquiescence. Justice Roberts said, in Daingerfield v. Paschal, 20 Tex. 552:

If the title be established, "the plaintiffs would be entitled to a judgment to that effect, whether the additional facts alleged and proved entitle them to the additional relief or not"—referring to the equitable relief sought in the petition.

[5] The American Company complains that, the evidence showing that the poles have been moved from one right of way to the other, though the fee in the land was owned by the Acme Company, the trial court should not have divested the title to the poles out of it into the Acme Company; that it had acquired by prescription the easement upon the Denver right of way, and hence owned the poles, and it would have been equitable to have restored the poles to it. There is no user, nor prescription, shown on this part of the land; the testimony shows that the Acme Company was protesting to the American Company against the use of the land, and requested them to move the poles from the land, which was done; then to have moved the poles onto another easement, the public road, upon the mistaken notion that Hardeman county could give it the right to use the public road, scarcely places that company in an attitude to claim the poles. The testimony shows that the Acme Company suggested to the American Company, while the latter was setting the poles upon the public road, that they probably would have to move them.

Howard v. Richeson, 13 Tex. 567, 568, cited by appellee, is rather against instead of in favor of that company's contention. The judgment for the land would carry the title to the poles, unless for some equitable reason the same should be restored to the trespasser. Neither is there any suggestion, by an equitable plea, that it should have the improvements placed upon the land in good faith, which, of course, when the equities are sufficient, may be made independent of statute. Upon the whole, however, we think the judgment for the land would have carried the property, and the decree did no more than the law would effectuate. This judg-

ment is severable to the extent that the case may be affirmed in part and reversed in part. we do not feel that cause should be rendered in favor of the Acme Company. That part of the judgment vesting possession an easement in the American Company and C. H. Newby over the 100 feet of right of way of the Acme Tap Railway Company on section No. 208 is reversed and remanded for a retrial, and in the condition of the case we also set aside the order denying the injunction and remand the whole of that part of the case. The decree in favor of the Acme Company is affirmed.

Affirmed in part, and reversed and remanded in part.

## On Motion for Rehearing.

[6] In appellant's motion for rehearing, the complaint is seriously made that we failed to discuss the first assignment of error, but silently overruled the same. This assignment involves the proposition that, having acquired an easement by prescription on a part of the land of plaintiff, defendant would not lose the easement by pulling up its poles and placing them across the Ft. Worth & Denver City Railroad track, on another portion of said land—that it was a mere deviation of the use of the land. The following authorities are cited, under the assignment, in support of the proposition: Farnum v. Platt, 25 Mass. (8 Pick.) 339, 19 Am. Dec. 330; Leonard v. Leonard, 84 Mass. (2 Allen) 543; Haley v. Colcord, 59 N. H. 7, 47 Am. Rep. 176; Jarstadt v. Smith, 51 Wis. 96, 8 N. W. 29; Wright v. Willis (Ky.) 63 S. W. 991; Durkee v. Jones, 27 Colo. 159, 60 Pac. 618.

We considered the assignment on the original hearing, but thought the authorities were so apparently inapplicable to the condition in this record we overruled the same, without discussion. The first case (Farnum v. Platt, 25 Mass. [8 Pick.] 339, 19 Am. Dec. 330, supra) decides that where one has a right of way over another's land, and the owner of the land stops the way which is in use, the other party will be justified in going over another part of the land. The remaining authorities announce the same principle, based upon a similar condition, with a variation in the Kentucky and Colorado cases, above cited. Those two cases hold that where an easement is closed by an agreement with the owner of the land, in consideration of which a new easement is opened, the closing of a new easement, as a right of way, would not be permitted without a reopening of the old.

First, defendant did not prove, nor plead an easement by prescription; second, if defendant had pleaded and proved an easement, but moved off of that part of the land upon an improper demand to get off the land, his right was to retain the old easement, not to establish the same easement across the railroad track upon a different portion of said property. There was no agreement to open up a new easement; nor would the demand of the plaintiff to get off the land, which defendant would not have had to have done, be such an obstruction to the easement, as in the cases cited, which would create the same right in another part of plaintiff's estate. The act of obstruction in those cases created the necessity for a different mode of travel. If defendant had an easement by prescription in this case, he moved in obedience to a demand he did not have to obey. Such a demand is not an obstruction physically, nor theoretically, creating a necessity for deviation.

The motion is overruled.