PAUL MCLIMANS, District Attorney Iowa County
You have asked whether the owner of a landlocked parcel of land which the owner has enrolled under the forest cropland law, sec.77.03, Stats., must provide public access to the landlocked parcel across said owner's contiguous lands which abut public highways and are not enrolled themselves under sec. 77.03, Stats. The answer to your question is yes.
Section 77.03, Stats., grants an owner enrolled thereunder (as evidenced by a written contract) substantial property tax relief for twenty-five or fifty years provided the owner follows acceptable forestry standards and allows the public to hunt and fish on the enrolled parcel. Section 77.03, Stats., provides, in part: "The owners by such contract consent that the public may hunt and fish on the lands, subject to such rules as the department of natural resources prescribes regulating hunting and fishing."
Section 77.03, Stats., thus requires owners to convey access to parcels enrolled thereunder to those hunting and fishing. The question then becomes, if the enrolled parcel is landlocked is the owner required to provide public access to said landlocked parcel across the owner's other lands? As stated previously, my answer is yes.
An easement of necessity is created by sec. 77.03, Stats. To opine otherwise would subvert the statutory provision cited above. An easement of necessity over a seller's remaining contiguous land is created at common law by the seller's conveyance of a contiguous landlocked parcel to another.Backhausen v. Mayer, 204 Wis. 286, 234 N.W. 904 (1931); Jurstadtv. Smith, 51 Wis. 96, 8 N.W. 29 (1881). Here, unlike common law, the easement of necessity is created by contract provision required by statute. A sale of land is not consummated under sec.77.03, Stats., but rather a sale or lease of some rights in the land for certain tax benefits. In order to comply with the statute, the owner must allow access to the landlocked parcel across his remaining lands.
The access the owner must provide need not be formal in the sense of a recorded and described easement, or a laid out road or the like. The owner need only allow the public to walk across non-enrolled *Page 165 
lands to reach enrolled land. Failure to allow access to the landlocked parcel may jeopardize enrollment in the forest croplands and its tax benefits. Sec. 77.10, Stats.
Thus, if the owner enrolls a landlocked parcel in the forest cropland program, the criminal trespass statute, sec. 943.13, Stats., cannot apply to those otherwise properly entering the owner's non-enrolled lands to reach the enrolled lands. Hunting and fishing on the enrolled lands by the public, of course, cannot be criminal trespass because sec. 77.03, Stats., permits such use. Other criminal statutes, however, may apply to those crossing the owner's non-enrolled lands or using enrolled lands for hunting and fishing. For example, such users may be causing criminal damage to property under sec. 943.01, Stats., by destroying crops or fences, cutting timber, damaging outbuildings, etc.
I am unable to provide a definitive answer to your second question: Whether an enrollee under the forest croplands law may restrict the number of hunters and fishermen crossing non-enrolled lands to gain access to the enrolled lands. Neither the common law nor the statute provides guidance on this question. No limitations on the landowner appear to be imposed by law. Similarly, no statute allows a landowner to so restrict numbers. Hundreds of fishermen crossing to reach good fishing on enrolled lands on opening day may cause crop damage or broken fences by sheer numbers rather than criminal intent. For purely practical reasons, then, the owner may wish to provide a fenced and designated access to the enrolled land. Particular circumstances will dictate different responsibilities, however. See sec. 29.68, Stats. Aggravated situations, nevertheless, should always be handled in cooperation with Department of Natural Resources wardens, or local law enforcement personnel.
BCL:JPA