DENVER, TEXAS & FORT WORTH RAILROAD COMPANY, APPELLANT, v. PULASKI IRRIGATING DITCH COMPANY, APPELLEE.

1. PRACTICE.
When the complaint contains no averment which would sustain a recovery for temporary or special damages, a question as to such damages should not be submitted to the jury.

2. EVIDENCE—OPINION.
While the general rule is that the opinion of a witness is inadmissible except when the inquiry involves a question of skill or science and the witness possesses a peculiar knowledge of the subject, there are exceptions to the rule, among which are instances which involve a description or estimate of magnitude, size, dimension, value, etc., and when from the nature of the subject under investigation it is difficult or impossible to state with sufficient exactness or in detail the facts, with their surroundings, in such a manner as to produce upon the minds of the jury the impression that a personal observation has produced upon the mind of the witness.

*Appeal from the District Court of Las Animas County.*

THIS is an action to recover damages for an alleged trespass. The appellee, on and prior to the first day of August, 1887,

was the owner of an irrigating ditch taken out of the south side of the Las Animas river. It was about fifteen miles in length, fifteen feet wide at the top and twelve feet wide at the bottom, and carried water to the depth of two feet, and was used in irrigating a large area of land, and was of the alleged value of $30,000. As its cause of action plaintiff avers, "That on or about said date, the defendant entered upon said irrigating ditch with teams, plows and scrapers and dug up and destroyed said ditch in many places, and afterwards laid its railroad track over, on and along said ditch and built bridges across, over and on said ditch, and changed the natural drainage of the adjacent lands so as to cause great floods to strike said ditch, so as to totally destroy and render worthless said ditch, to the damage of the plaintiff in the sum of thirty thousand dollars."

The complaint originally contained a second count and prayer for equitable relief, but the same was dismissed upon the trial, in pursuance of the following stipulation:

" It is here in open court stipulated between the counsel for plaintiff and defendant, and agreed that the same be made part of the record in said cause, as follows, to wit: Dismissed as to second count and prayer for abatement and injunction. Cause to proceed on first count for permanent damages, and upon understanding that road remain permanently as located and acquire rights thereby to remain permanently as located."

The trial was to a jury and resulted in a verdict in favor of plaintiff for the sum of $2,400. Motion for new trial was overruled and judgment rendered on the verdict. To reverse this judgment defendant below prosecuted this appeal.

Messrs. TELLER & ORAHOOD, for appellant.

Messrs. JOHN & McKEOUGH, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

The principal question presented by the assignment of errors is as to the character and amount of the damages recov-

erable under the complaint. It is insisted by counsel for appellant that such damages, if any, as resulted from the temporary interference of the flow of water in the ditch occasioned by appellant while constructing its road, are not recoverable under the pleadings, and that no recovery can be had for damages accruing from the alleged wrongful acts subsequent to the commencement of the suit.

We are clearly of the opinion that under the complaint, especially as supplemented by the stipulation, the trespass complained of should be treated as a permanent one, and such as entitles appellee to a single recovery for the whole of the damage that resulted therefrom. By virtue of the stipulation the appellant was relieved from any further actions of this character on account of the location and construction of its road, and acquired the right to have its road remain as located, in consideration of submitting to full and final recovery in this action. Competent evidence of general damages, both present and prospective, that were naturally or reasonably incident to the acts complained of, was therefore admissible, and the rule for assessing such damages was properly stated to the jury by the court in its general charge. Upon the question of temporary or special damages the following instruction was given:

" No. 2. The damages thus claimed are of a temporary and permanent character. Now, if you believe from a preponderance of the evidence adduced herein, that the plaintiff through the construction of said railway was deprived of the use of the said ditch, and the waters conveyed thereby, so far as the said deprivation was of a temporary character due to temporary causes, and not one of the permanent effects of the construction and maintenance of said railway, and existed prior to December 10, 1887, you will allow the plaintiff the value of the use of said waters during such time as the plaintiff was thus deprived thereof, provided you believe from a preponderance of the evidence that it was thus deprived and that such use had any value."

The complaint contains no averment that will sustain a

recovery for temporary or special damages, and by the stipulation the recovery was expressly limited to permanent damages; and from the testimony introduced it does not appear how or in what respect the appellee suffered any loss or damage by reason of the temporary interruption of the flow of water during the construction of the railroad. It was therefore clearly erroneous to submit the question of temporary damages to the jury. We think the giving of this instruction constitutes error that necessitates a reversal of the judgment.

In view of a retrial of the case it is proper that we notice the error predicated upon the admission of certain testimony. The witnesses Wall, Garner, Fuller and Grassnick were permitted to give estimates as to the extent the carrying capacity of the ditch was diminished by reason of the interference with the flow of water therein, caused by the change of its channel and the various obstructions placed therein by appellant in building its road.

It is insisted by counsel for appellant that the testimony was inadmissible, because the mere opinion of witnesses who were not experts. While the general rule is that the opinion of a witness is inadmissible except when the inquiry involves a question of skill or science, and the witness possesses a peculiar knowledge of the subject, acquired by study or experience, there are well recognized exceptions to the rule, and among these exceptions are instances which involve a description or estimate of magnitude, size, dimension, velocity, value, etc., and when, from the nature of the subject under investigation, it is difficult or impossible to state with sufficient exactness, or in detail, the facts, with their surroundings, in such a manner as to produce upon the minds of the jury the impression that a personal observation has produced upon the mind of the witness. In such cases it is permissible for the witness who has had the benefit of personal examination to supplement the statement of facts detailed by him with his opinion or conclusion. Such testimony is not an opinion in its ordinary sense, which is an inference as to what will

follow from a given state of facts, but rather the statement of a result that has happened and is observable as an existing condition.

It appears from the examination of these respective witnesses that they were familiar with the ditch in question, had examined it before and after appellant's road was built and had observed the effect that the changes made in its course, the building of abutments and placing of other obstructions in its channels had upon its capacity to carry water; and we think their estimates as to the extent such capacity was diminished were properly admitted.

It is unnecessary to notice the other errors assigned, as the questions they present may not arise on another trial.

For the reasons given the judgment will be reversed and cause remanded.

*Reversed.*