CASPIAN SEAY ET AL v. HESTER ANN FENNELL ET AL.

Delivered January 20, 1897.

**1.   Pleading—Petition—Sufficiency.**
A petition which prays that plaintiffs be quieted in their title, and that the vendor's lien in a certain deed be declared null and void, is sufficient as against a general demurrer, whether the action is technically an action of trespass to try title or not, although it does not allege that the defendants have dispossessed plaintiffs of the land and withheld possession thereof, where it does allege title in plaintiffs and that defendants are setting up a claim under the alleged vendor's lien.

**2.   Estoppel—Homestead—Fraud of Husband.**
Fraud of a husband in accepting a deed reserving a vendor's lien to land already paid for, and which had become impressed with the homestead exemption for the benefit of himself and family, does not estop the wife from asserting such homestead right as against persons with notice of the facts claiming under the lien.

**3.   Evidence—Conclusion of Witness—Question for Jury.**
The good faith of a party to a deed is a question for the jury, and not a matter for assumption by the witness.

**4.   Homestead—Parol Purchase.**
The homestead character may be impressed on land paid for, occupied and improved under a parol contract.

**5.   Res Adjudicata—Parties—Lien on Homestead.**
Evidence of a former judgment foreclosing a fraudulent lien on a homestead is not admissible, when the wife was not a party to the suit.

**6.   Negotiable Instruments—Transfer After Maturity.**
The purchaser of a note after maturity takes it subject to all objections affecting it in the hands of his indorser.

APPEAL from Guadalupe. Tried below before Hon. T. H. SPOONER.

*W. R. Neal* and *J. D. Guinn*, for appellants.—A party will not be allowed to plead his own wrong, and is estopped from claiming any benefit therefrom; nor will the court permit this under the guise of the homestead right, where the party has no legal title other than the one sought to be annulled. 51 Texas, 264; 19 S. W. Rep., 258; 25 Texas, 160; 26 Texas, 485; 1 Texas Civ. App., 333; 22 Texas, 479; 65 Texas, 110.

*James Greenwood,* for appellees.—1. A parol sale of land is good where the purchaser goes into possession, and the purchase money is paid and valuable improvements are made. 78 Texas, 581; 70 Texas, 18; 26 Texas, 297; 20 Texas, 350; 11 Texas, 87; 65 Texas, 26; 1 Story's Eq. Jur., sec. 64.

2. The husband cannot create a lien on the homestead by estoppel, by acts and conduct not participated in by the wife. 28 S. W. Rep., 579; 36 S. W. Rep., 910.

FLY, ASSOCIATE JUSTICE.—Hester Ann Fennell, joined by her husband, Cannon Fennell, sued appellants to remove a cloud from their title to a homestead consisting of 100 acres of land out of the Robert Hall survey, in Guadalupe County. Appellants claimed the land through an execution sale made by virtue of a foreclosure of a vendor's lien on the land, obtained against Cannon Fennell. Limitation of four years and laches were pleaded by appellants. The cause was tried by the court, and judgment rendered for appellees. J. B. Dibrell was shown to be the common source.

The evidence shows that on October 5, 1883, Cannon Fennell and his wife, Hester Ann Fennell, appellees, owned a tract of land containing 130 acres, on which they owed the sum of $300. Desiring to pay off the indebtedness, appellees executed to J. B. Dibrell a deed to the land, reciting a consideration of $1200 cash and a promissory note of said Dibrell for $300. The instrument, while in form a deed, was in fact a mortgage to secure Dibrell for $300 which they raised on the note, and with which they paid off the purchase money. The $1200 cash payment recited in the deed was not in fact paid by Dibrell.

Afterwards, not being able to refund the $300, appellees agreed with Dibrell that, in consideration of the cancellation of their debt of $300 to him and a conveyance to another tract of 100 acres of land off the Robert Hall survey, the deed given by them to the 130 acres of land should become absolute. In pursuance of the agreement, appellees surrendered possession of the 130 acres of land to Dibrell, and moved on to the 100 acres they had bought from Dibrell, put up improvements, and made it their homestead. On account of some supposed defect in the title, no deed was executed to appellees, until same was executed as hereinafter detailed.

In January, 1886, Cannon Fennell was indebted to the firm of Dibrell Bros., composed of James Dibrell and C. C. Dibrell and it was arranged between said firm and Cannon Fennell that the latter should procure a deed from J. B. Dibrell to the 100 acres of land, in which a vendor's lien should be reserved to secure the payment of a note for the amount of Cannon Fennell's indebtedness and $100 in money, and that the note should be transferred by J. B. Dibrell to the firm of Dibrell Bros. Long prior to this time the 100 acres of land had been fully paid for, and they owed nothing to J. B. Dibrell.

The deed was executed by J. B. Dibrell and Emil Mosheim to Cannon Fennell, and the vendor's lien reserved to secure the payment of a note for the amount of the indebtedness to Dibrell Bros. and the $100 cash, and the note was indorsed, without recourse, by J. B. Dibrell and Emil Mosheim to Dibrell Bros. Nothing was paid by Dibrell Bros. to J. B. Dibrell and Mosheim for the note, but the whole affair was arranged so as to secure Dibrell Bros. for a debt due for groceries.

After the maturity of the note, Dibrell Bros. transferred it to Caspian Seay. In January, 1891, Cannon Fennell executed a new note to Caspian Seay, in lieu of the note transferred to said Seay by Dibrell Bros. About three years after the last note became due, Caspian Seay transferred the note to his brother, M. M. Seay.

Hester Ann Fennell could neither read nor write, and knew nothing about any of the facts stated, after the exchange of the lands.

We are of the opinion that the petition stated a cause of action, and was not subject to general demurrer. The facts alleged showed a title to the land in appellees, and that appellants were setting up a claim to it; and the averments were sufficient to obtain the relief sought. The prayer is that appellees be quieted in their title, and that the vendor's lien in the deed from Dibrell and Mosheim be declared null and void; and whether it can be technically denominated an action of trespass to try title or not, the pleadings state facts that empowered the court to determine whether the appellees were entitled to the relief sought or not. We conclude, therefore, that the exception on the ground that it was not alleged that appellants had dispossessed appellees of the land, and withheld the possession thereof from appellees, was properly overruled.

In Day Co. v. State, 68 Texas, 526, it is said: "While the statute seems to contemplate that in an action of trespass to try title such averments must be made, it is certainly true that it is not necessary to allege any fact which it is not necessary to prove. It is not necessary to prove that the owner of the land was ever in actual possession of it, or that the defendant was in possession, in order to sustain even an action of trespass to try title; and it is therefore unnecessary to allege these things, unless some relief be sought against the defendant based on the fact that he has been in possession."

In Rains v. Wheeler, 76 Texas, 390, it is said: "We think it evident, therefore, that it is not necessary to the maintenance of this action that the defendant should have possession of the disputed premises. It

is sufficient that he claims title thereto.    Why, then, under our liberal rules of pleading, should not the allegation that defendant is claiming the premises, when such is the fact, be as effectual to maintain the action as the fiction that the defendant has taken possession and withholds the same from plaintiff?"

The title pleaded may be either a legal or equitable one, and the allegation that appellees had paid for and gone into possession of the land, and made improvements thereon, by virtue of a parol contract, and that a deed had been subsequently made, in which a lien, which did not exist, had been reserved, and that appellants were setting up a claim through said invalid and fraudulent lien, was sufficient to show a cause of action.

The exception to the petition, on the ground that the allegation of fraud on the part of Cannon Fennell in taking the deed from Dibrell, with the lien reserved, defeated the cause of action, on the ground of estoppel, was not well founded.    The unauthorized acts of the husband in connection with the land, however fraudulent, did not prevent the assertion of the homestead exemption by the husband and wife.    Thomas v. Williams, 50 Texas, 269; Kallman v. Ludendecker, 28 S. W. Rep., 579.    The fraud of the husband, not participated in by the wife, will not estop her from asserting her rights.    Cole v. Bammel, 62 Texas, 108.

The case of Ranney v. Miller, 51 Texas, 263, is not applicable to the facts of this case.    In that case the title to the land had never been in the community, and the community interest was a mere equity or resulting trust.    There were rights of others superior to the equity possessed by the community.

In this case the land had been fully paid for, and notice given to the world that it was the homestead, by the appellees moving on the land, improving it, and making it their home.    The homestead right was established, and was superior to the claim, legal or equitable, of any one. It was a right of which they could not be deprived by the fraudulent acts of the husband.    The wife knew nothing of his acts, obtained no benefit from them, and was not bound by them.

As said by the Supreme Court, the Ranney-Miller case was analogous to a case of a homestead encumbered by liens, and by that fact was still under the control of the husband.    Even in the class of cases where the husband is given the authority to adjust equities without being joined by the wife, the power must be exercised in good faith, and if it appears that he acted for the fraudulent purpose of depriving the wife of her homestead right, it will not bind her.    Morris v. Giesecke, 60 Texas, 633.

The eighth assignment of error is founded on the contention that, the suit having been brought more than four years after the pretended lien was reserved by Dibrell and Mosheim in the deed executed to Cannon Fennell, the special demurrer setting up limitation should have been sustained.    The assignment is not well taken.    Coverture is fully set forth in the supplemental petition, and the acts of fraud in connection

with the reservation of the lien are fully pleaded, and also facts that would show that the wife had not been guilty of laches in ascertaining the fraud. The facts alleged were proved. This view of the matter disposes of the ninth assignment also.

The witness C. C. Dibrell was asked if the transaction in regard to the lien reserved in the deed to secure Dibrell Bros. was made in good faith on his part, and an objection to his response to the question was interposed by appellees and sustained by the court; and this action is made the ground of the twelfth assignment of error. The action of the court was clearly correct. The question of good faith on the part of Dibrell Bros. in obtaining the note executed by Cannon Fennell was one to be determined by the jury, from the facts and circumstances detailed by the witnesses, and not one to be assumed by the witness. The intention of Dibrell Bros. could not render valid an affair that was, under the circumstances, illegal. Miller v. Jannett, 63 Texas, 86; Schmick v. Noel, 72 Texas, 1.

What we have said applies with equal, if not greater, force to the assumptions of the witness Mosheim which appellants sought to introduce. The intention of Mosheim and J. B. Dibrell in executing the deed and transferring the note could have had no possible legal bearing on the case. If it could have been a pertinent subject of inquiry, it was fully indicated by all the circumstances.

The facts desired to be proved by J. B. Dibrell were in evidence, and if the evidence was proper, no injury was incurred by appellants by a refusal to admit it.

Appellants sought to prove by J. B. Dibrell that the consideration for the land was changed by him, at the time the deed was made, at the instance of Cannon Fennell. The evidence was clearly inadmissible. The 100 acres of land had been paid for, and had become the homestead of appellees, and no agreement of the husband as to a change of the consideration could affect the rights of the wife. The parol contract under which appellees paid for, occupied and improved the land fixed upon it the homestead character as firmly as though the deed to it had been executed. Smith v. Chenault, 48 Texas, 455.

It was not error to admit the evidence of Mosheim and J. B. Dibrell, to the effect that they had received nothing for the note from Dibrell Bros. Appellees claimed to be purchasers in good faith for value of the note given by Cannon Fennell, and it became important, under the circumstances, that Dibrell Bros. should have been shown to be innocent purchasers for value. Notwithstanding the terms and words used in the note and transfer, the entire transaction should have been considered in the light of the surrounding circumstances, in order that the intention of the parties could be arrived at. Hicks v. Morris, 57 Texas, 32; Brooks v. Young, 60 Texas, 33; Loving v. Milliken, 57 Texas, 423. The same facts were testified to by C. C. Dibrell, and were not objected to by appellants, and had the testimony complained of been illegal, they do not occupy a position that would entitle them to be heard.

Appellants offered to show that M. M. Seay, to whom the promissory note of Cannon Fennell had been transferred by Caspian Seay, in 1894 brought suit on said note, and that in November, 1895, judgment was obtained for the amount of said note against Cannon Fennell, together with a foreclosure of the vendor's lien on the land; that an order of sale had been issued, and the land regularly sold, and bid in by M. M. Seay, and a deed was made to him by the sheriff; and that afterwards, acting under a writ of possession, the proper officer had placed M. M. Seay in possession of the land. The evidence was excluded, on the ground that Hester Ann Fennell was not a party to the suit and and was not bound by it.

We are of the opinion that the ruling was correct. No one can be bound by a judgment to which he is not a party. If Hester Ann Fennell had been made a party to the suit in question, and had made the proper defense, the judgment of foreclosure would never have been obtained, and she can not be held to have been deprived of her rights because her husband did not make the defense. Read v. Allen, 56 Texas, 193; Masterson v. Little, 75 Texas, 682; Freeman v. Hamblin, 1 Texas Civ. App., 157.

The facts show that Dibrell Bros. were not purchasers in good faith of the note from Dibrell and Mosheim. The matter was gotten up by C. C. Dibrell, a member of the firm, to secure a debt due the firm. J. B. Dibrell and Mosheim held no claim for purchase money against Cannon Fennell, and the $100 in cash paid by Dibrell Bros. was incorporated in the note. The transaction was one between Dibrell Bros. and Cannon Fennell, and they were fully cognizant of all the facts attending the transaction. Although Dibrell Bros. were not innocent holders of the note, still if the note had come into the hands of either Caspian Seay or M. M. Seay in such a manner as to render either of them innocent holders for value, the defense would be made out.

In order to render appellants bona fide purchasers or holders of the note, they must have given a valuable consideration for it, without notice of the facts which affected its validity as between antecedent parties, and before its maturity. The evidence shows that the note executed to Dibrell and Mosheim came into the hands of Caspian Seay after its maturity, and was transferred to M. M. Seay long after its maturity, and therefore was subject to all the objections affecting it in the hands of Dibrell Bros. Walker v. Wilson, 79 Texas, 185.

When the note of Fennell was transferred to Caspian Seay after maturity, he stood in the same relation to it that they did. The paper was dishonored, and so far as Caspian Seay was concerned, the dishonor was carried into the renewal note executed by Fennell, and it was subject to the same defenses that the note was in lieu of which it was given; and passing into the hands of M. M. Seay after maturity, carried its dishonor with it. Daniel on Negotiable Instruments, sec. 205.

Defects in the title to the land could not benefit appellants. The

homestead right, as to them, had accrued, and it could be of no advantage to them that there was a defect in the title as to other parties. Lee v. Welborne, 71 Texas, 500; Wheatley v. Griffin, 60 Texas, 209. If appellants could have taken any advantage of defects in the title to the land, the evidence did not establish any such defects.

We conclude that the judgment of the District Court should be affirmed, and it is so ordered.

Writ of error refused.                                        *Affirmed.*