[No. 5488.]
[No. 3158 C. A.]

## PRATT V. SEAMANS.

1. **Replevin—Judgment—Form and Requisites — Appellate Practice—Harmless Error.**

   In a replevin suit, defendant had given bond and retained possession of the property, and on the trial the jury returned a verdict for plaintiff, finding the value of the property to be $200, and judgment was rendered that plaintiff retain possession of the property. Held, that the judgment was not in proper form, for it should have ordered the return of the property to plaintiff, and, if the property could not be returned, that plaintiff recover from defendant the sum of $200, interest and costs; but, under the circumstances, the judgment was merely a judgment for costs, and defendant cannot complain that it was not in accordance with the verdict.—P. 519.

2. **Appellate Practice — Admission of Evidence — Conclusions of Law.**

   In an action of replevin, where defendant was given ample opportunity to make his defense, the court's action in allowing plaintiff to testify that, at the time suit was brought, he was the owner and entitled to the possession of the property in question, over objection that the ownership and right of possession was a question for the jury, was harmless error.—P. 519.

3.  **Practice in Civil Actions — Evidence—Objections—Grounds—Sufficiency.**

In an action of replevin, defendant testified that he had never stated to a witness that the property belonged to plaintiff; but the witness in question testified that, at the time and place mentioned, defendant had so stated. The answer was objected to as being immaterial, but the ground that the conversation was before defendant had exercised an option to purchase the property was not raised, and no motion to strike was made after it appeared. Held, that the admission of such evidence was not error. —P. 519.

*Appeal from the District Court of Larimer County.*
*Hon. Jas. E. Garrigues, Judge.*

Replevin by J. G. Seamans against Arthur Pratt. From a judgment for plaintiff, defendant appeals.                              *Affirmed.*

Messrs. RHODES & LEE, for appellant.

Mr. J. W. NORVULL and Messrs. GARBUTT & CLAMMER, for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The plaintiff in the trial court (the appellee) brought his action in replevin to recover the possession of two roan mares of the value of two hundred dollars, and for damages. The jury returned a verdict in favor of the plaintiff, and found the value of the property to be two hundred dollars. Judgment was rendered in favor of the plaintiff, and that he retain possession of the property. The defendant appealed to the court of appeals.

The assignments of error discussed in the brief are those relating to the reception of testimony, the form of the judgment, and the overruling of the motion for a new trial.

The judgment is not in proper form. The defendant had given bond and the property remained in his possession. The judgment should have ordered the return of the property to the plaintiff, and, if the property could not be returned, that the plaintiff recover of and from the defendant the sum of two hundred dollars, interest and costs. But the defendant cannot complain that this judgment is not in accordance with the verdict. The judgment, as it stands, is merely a judgment for costs; whereas, the plaintiff was entitled to have judgment entered in his favor for the return of the property. The complaint sufficiently states that the defendant refused, although often requested, to return the property to the plaintiff. The defendant claimed that he had an option to purchase the animals for one hundred and fifty dollars, and that prior to the bringing of the suit he had elected to exercise his option and tendered to plaintiff the sum of one hundred and fifty dollars, which plaintiff refused. The plaintiff was permitted to testify, over the objection of the defendant, that he was, at the time of the bringing of the suit, the owner and entitled to the possession of the horses. This, it is claimed, was error, because the ownership and right of possession was the question the jury was called upon to determine. If the ruling is erroneous, it is error without prejudice. The defendant was given ample opportunity to make his defense, and it is clear that the jury was not misled by the statement of the plaintiff into rendering a verdict in his favor because of his mere assertion of ownership and right of possession. The defendant was asked if he had not stated to a witness that the mares belonged to Jim Seamans. His answer was: "I will say positively that I did not say they belonged to him,—absolutely."

James Brinton testified that at the time and place mentioned in the interrogatory propounded to the defendant, the defendant had stated that the animals belonged to Jim Seamans. The defendant objected to this answer on the ground of its being immaterial. Defendant contends that as the conversation was shown to have taken place in September, before the defendant claimed to have exercised his option, that the testimony should not have been received. Upon its appearing that the conversation was at a time when the defendant did not claim to own the animals, the defendant, if he felt that it would be considered unfavorably by the jury, should have asked to have it stricken. No prejudice resulted to the defendant, and the court was probably misled into receiving the testimony by the failure of defendant to properly state the ground of the objection.

As one of the grounds for a new trial the defendant averred that the verdict was the result of a misunderstanding of the effect of the testimony, and a colloquy between certain of the jurors and the court is contained in the abstract; but we cannot say that the jury was misled into returning a verdict in favor of the plaintiff through any misunderstanding of the testimony. It is possible that the form of the verdict may have been occasioned by a misunderstanding, but the evidence is sufficient to sustain a verdict in favor of plaintiff.

We perceive no error in the record, and the judgment is affirmed.                    *Affirmed.*

Mr. JUSTICE BAILEY and Mr. JUSTICE HELM concur.