CHARLES S. OLMSTEAD, APPELLEE, V. CITY OF RED CLOUD, APPELLANT.

FILED APRIL 9, 1910. No. 15,936.

1. **Evidence:** JUDICIAL NOTICE. In the trial of an action against a city to recover damages for personal injuries, the trial court may take judicial notice of the class of cities to which defendant belongs and of the laws by which it is governed.

2. **Trial:** WITHDRAWAL OF ISSUE BY INSTRUCTION. Where there is no testimony on an issue raised by the pleadings, it may be withdrawn from the jury by an instruction.

3. ————: FAILURE TO REQUEST INSTRUCTION. By neglecting to request instructions on a particular subject, defendant may waive the right to urge error on account of the trial court's failure to instruct the jury thereon.

Olmstead v. City of Red Cloud.

4. **Damages**: INSTRUCTIONS. As copied at length in the opinion, an instruction relating to plaintiff's right of recovery for pain and suffering *held* not prejudicial to defendant.

5. **Appeal**: EVIDENCE: REVIEW. A ruling on the admissibility of testimony to which there was no objection is not reviewable.

6. ———: ———: ———. Error cannot be predicated on the admission of testimony identical with that already admitted without objection.

7. ———: ———: ———. Nonprejudicial error in a ruling on the admission of evidence is not sufficient ground for setting aside a judgment.

APPEAL from the district court for Webster county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*L. H. Blackledge,* for appellant.

*E. U. Overman* and *J. S. Gilham, contra.*

ROSE, J.

In the city of Red Cloud, on the night of October 20, 1906, plaintiff fell down an open, unlighted stairway leading from a public sidewalk in a street to the basement of a private building and was severely injured. He subsequently sued the city for resulting damages for personal injuries on account of its negligence and recovered a verdict for $2,000. From a judgment in his favor for that sum defendant has appealed.

Plaintiff alleged in his petition that defendant was a city of the second class having less than 5,000 inhabitants, but at the trial did not adduce proof in support of that allegation. In addition to a general denial, the answer stated that defendant was a municipal corporation, but did not state the class of cities to which it belonged. The court gave an instruction which permitted plaintiff to recover without proof that defendant was a city of the second class having less than 5,000 inhabitants and without proof that he filed his claim with the city clerk before

37

bringing suit. Defendant complains of this instruction, and its objections are summarized in its brief as follows: "This instruction was prejudicially erroneous because it assumed that the admission in the answer that the defendant was a municipal corporation relieved the plaintiff from the necessity of proving that the defendant city belonged to the class, or was of the population, alleged, and withdrew that issue, made by the pleadings and material in the case, from the jury. It was erroneous, also, because it omitted all question of notice, either actual or constructive, of the defect complained of."

The points are not well taken, for the following reasons: Proof that Red Cloud was a city of the second class having a population of less than 5,000 was unnecessary. The trial court was at liberty to take judicial notice of that fact and to frame its instructions to conform thereto. *Hornberger v. State*, 47 Neb. 40; *Union P. R. Co. v. Montgomery*, 49 Neb. 429. When plaintiff was injured, defendant's charter did not require him to file his claim with the city clerk, or give the city notice of his injuries, as a condition of his right to maintain his suit. Other statutes containing such requirements did not apply to the city of Red Cloud. Proof of actual notice of the dangerous stairway in the sidewalk was not essential to plaintiff's right to recover damages, because there was undisputed evidence that such a condition had existed for a length of time sufficient to charge the city with notice. *City of Lincoln v. Smith*, 28 Neb. 762.

Complaint is also made because the trial court failed to instruct the jury as to the burden of proof, the weight of evidence, and the credibility of witnesses. Defendant is not entitled to a reversal on this ground, for these reasons: After stating the issues raised by the material allegations of the pleadings, the trial court instructed the jury that the burden of proof was on plaintiff to convince them, by a fair preponderance of all the evidence, of the truth of every material allegation in his petition, before he could recover. Plaintiff's witnesses were not im-

peached nor their testimony contradicted. Defendant did not request instructions on those subjects, and there is nothing in the record to indicate that the jury took a wrong view of the law in relation to them. Under such circumstances it will be presumed defendant was willing to have the case submitted to the jury without such instructions, and it is now too late for complaint. *Sanford v. Craig,* 52 Neb. 483.

Error is also assigned in the giving of the following instruction: "The defendant in its answer alleges that the plaintiff was guilty of contributory negligence, in this: That plaintiff at the time of the injury was in an intoxicated condition, and that the injury was caused by reason of the condition of the plaintiff, and not being the result of any fault or negligence on the part of the defendant city. The defendant has offered no evidence in support of this allegation of its answer, and you will not consider it in arriving at your verdict." In the argument this instruction is challenged because it withdrew from the consideration of the jury the issue as to plaintiff's intoxication and consequent negligence. The instruction was properly given. The record contains no evidence whatever that plaintiff was intoxicated when injured, or at any other time, or that he ever drank intoxicating liquors of any kind.

Another argument is directed to assigned errors in the following instruction: "If you find from the evidence and these instructions that the plaintiff is entitled to recover, it will then be your duty to find and ascertain from the evidence the amount to which he is entitled. You should carefully consider all of the evidence as to the nature, character, and extent of the injury, and the result, whether the disability, if any, resulting from the injury was permanent or temporary, its extent, either total or partial. If any permanent disability, you should consider plaintiff's age, his reasonable expectance of life, how much money he could earn before the injury, and how much, if any, he could earn after the injury, with his reduced

capacity, if any there was on account of the injury received, remembering no reduction of capacity on any other account is to be considered by you, and allow him a reasonable compensation for any loss of time and capacity resulting from the injury. You are further instructed that you should also allow him for pain and suffering. The law lays down no rule for estimating his damages on account of pain and suffering, but leaves it to your sound discretion and judgment. You should also allow him for any moneys paid or contracted to be paid for the services of physicians or medicines, if any such is shown."

This instruction was evidently taken from a charge approved in *City of Lincoln v. Holmes*, 20 Neb. 39. The language now criticised is as follows: "You are further instructed that you should allow him for pain and suffering. The law lays down no rule for estimating his damages on account of pain and suffering, but leaves it to your sound discretion and judgment." It is argued that this language puts no restriction on the amount of plaintiff's recovery, and that the instruction does not even limit the jury to the damages claimed by plaintiff in his petition. The trial court in other parts of the charge directed the jury, in substance, that plaintiff claimed damages in the sum of $2,000 on account of pain and suffering, and that his entire claim was $4,025; that he could only recover the amount of actual damage sustained, if any, as compensation for the injury received; that they must ascertain from the evidence the amount to which he is entitled; that the amount of damage on account of pain and suffering was left to their sound discretion and judgment. The damage, as found by the jury, was less than half of plaintiff's claim. For these reasons, defendant was not prejudiced by the instruction criticised.

Other assignments of error relate to rulings of the trial court in admitting evidence. Over defendant's objection, one witness was permitted to testify that plaintiff "was a good hand when he lived in Iowa." It is unnecessary

to inquire into the admissibility of this evidence, for the reason that other witnesses had already testified without objection that plaintiff had been a good hand. Attention is also directed to testimony showing that plaintiff was the head of a family, that he had six children, and that he earned his living for himself and family by days' work. The admissibility of this testimony will not be considered, because it was received without objection. In testifying to the extent of an injury to one of plaintiff's arms, a physician said: "Well, where he had to do lots of lifting with that arm and heavy work with that arm, I should think it would injure it to some extent, probably 50 per cent. Of course that is just an estimate." This testimony is assailed in connection with one of the instructions criticised, but it was admitted without objection, and for that reason will not be reviewed.

The action of the trial court in overruling an objection to the following question, which had been propounded to a physician who testified as a witness for plaintiff, is also criticised as erroneous: "Now, from an examination of this patient, and from having treated him from time to time, and from your experience as a physician, what would you say as to whether the patient will entirely recover from the injury, or as to whether it is, or may be, a permanent injury to his hearing, and to his ear generally?" The argument seems to be that the question invites the witness to speculate on the future result of the injury, and *Carlile v. Bentley,* 81 Neb. 715, is cited to sustain defendant's position. Whether defendant was prejudiced by the ruling on the objection to this question depends upon the answer, which is as follows: "Why, my opinion is that he has got a condition there that may last for some time—indefinitely; possibly during life. That would be my idea, although I think the condition is amenable to treatment. I should think it could be somewhat improved if he would take a course of treatment; but it would be impossible for me to tell just what the result would be. It might be very bad. He might lose

the hearing in the right ear altogether, but possibly by rigid treatment it could be repaired somewhat, but I don't think he will ever hear as well as he could; that is, normally." In *Carlile v. Bentley*, 81 Neb. 715, an erroneous ruling permitted a physician to answer this question: "Doctor, I will ask you if, in your opinion, that wound was such an injury as a permanent injury might result from?" It was answered: "Yes; all that class of injuries might make a permanent injury." The answer was limited to what might result. In the present case the differences are obvious. What is said of the future effect of the injury is modified by the frank statement: "It would be impossible for me to tell just what the result would be." Though the witness said plaintiff "might lose the hearing in the right ear altogether," the answer closes with what amounts to an expression of the opinion that plaintiff will never hear as well as he could before the injury. The present effect on plaintiff's hearing had already been shown by other proofs, including the results of actual tests. The verdict does not appear to be excessive, and there is abundant evidence to support it. On a record showing these conditions, it is not considered that defendant was prejudiced by the answer quoted from the testimony of the physician, without regard to the correctness of the ruling of the trial court.

Defendant has not pointed out a prejudicial error, and the judgment will be

AFFIRMED.