[No. 3735.]

## TOWN OF MEEKER v. FAIRFIELD.

1. EVIDENCE—*Opinions as to the Ultimate Facts*, which are for the jury only, are inadmissible unless the witness is a qualified expert, or his testimony involves a description, estimate of magnitude, velocity, value, or the like, or from the nature of the subject of inquiry it is impossible or difficult to state in detail the facts and their surroundings with such exactness as to produce in the minds of the jury the impression which personal observation has produced in the mind of the witness. Cases upon the subject examined.

2. APPEALS—*What May Be Assigned for Error—Errors Waived.* Plaintiff, who in the trial below allowed many witnesses to give their opinion as to the ultimate facts upon which the jury are to pass, and elicits from his own witnesses their opinions upon the same question, waives the error.

So where, in an action for negligence, the defendant not only admits irrelevant and incompetent evidence as to the conduct of the defendant after the accident, but gives affirmative evidence upon the same subject, he will not be heard to assign error upon the admission of like evidence over his objection.

3. NEGLIGENCE—*Conduct of Defendant After the Accident.* A party is not to be charged with negligence on mere proof that after the accident he repaired the alleged defect, or defective condition, to which the injury is attributed. Such conduct should receive the approval and encouragement of the courts.

4. —— *Evidence—Prior Accidents.* In an action against a municipal corporation for injuries attributed to the defective condition of a public walk, evidence of prior similar accidents at the same place is admissible to show notice to the corporation of the defective condition of the walk where such notice is in issue.

*Appeal from Rio Blanco District Court.* HON. JOHN T. SHUMATE, Judge.

Mr. JAMES C. GENTRY, for appellant.

Mr. EDWARD C. STIMSON, for appellee.

HURLBUT, J., rendered the opinion of the court.

Action begun May 23, 1910, by appellee, as plaintiff, against appellant, seeking to recover a judgment for personal injuries received from falling upon a cross-walk in the town of Meeker. Plaintiff recovered judgment, from which this appeal is prosecuted.

The evidence tends to show that on or about November 15, 1909, plaintiff started to cross Sixth Street on a cross-walk (covered with snow and ice) which had been constructed by the town; that after passing over about one-half of the same she slipped and fell, thereby breaking her leg; that she was confined to her bed some six weeks and suffered considerable pain; and that the injury was of a serious and permanent nature. It is charged in the complaint that defendant constructed said cross-walk unskillfully, negligently and carelessly, and in such manner that the same was dangerous to pedestrians walking thereon; and it is also charged that the cross-walk was constructed of cement or a kind of mortar, laid and finished in an oval form or shape, which, if covered with snow or ice, would likely cause pedestrians to slip and fall thereon. The answer denies liability on the part of plaintiff, and alleges that if plaintiff was injured in using the walk it was by reason of her own negligence and not by reason of any negligence on the part of defendant.

Many witnesses testified at the trial. The most serious claim of error contended for by appellant is that the jury's verdict was based principally upon opinion evidence admitted at the trial over defendant's objections, and its brief appears to be almost entirely directed to

this contention. There are one or two other objections raised by appellant, which we will hereafter notice. It is clearly shown that a number of witnesses for plaintiff were permitted, over objection of defendant, to testify that in their opinion the cross-walk upon which plaintiff sustained her injuries was of faulty construction and dangerous for pedestrians using the same.

Appellee in her brief rather intimates error in the court's ruling, but contends that the admission of such opinion evidence was not prejudicial to defendant's rights, because (as claimed) defendant waived the right to question such rulings by permitting other evidence of the same character to be introduced without objection, and by subsequently introducing evidence itself of the same character. She therefore invokes the rule that "Errors committed in the admission of evidence which is affirmatively shown by the record to be not prejudicial will not warrant reversal of the judgment." She further contends that if incompetent testimony *was* received, over objection, still, if it appears elsewhere in the record that the same facts had been introduced in evidence without objection, appellant cannot complain. This is one of the decisive issues presented. As a sample of the evidence admitted over objection, we extract the following from the record, *viz.*:

From the testimony of George Suttles, plaintiff's witness, on direct examination:

"Q. State whether in your judgment those cross-walks are safe or dangerous cross-walks? (Objection overruled.)

"A. According to the condition of the weather. If they are wet I consider them not safe."

From plaintiff's witness Harley Suttles, direct examination:

"Q. Mr. Suttles, is that a dangerous crossing? (Objection. Overruled.)

"Q.   Is that a dangerous sidewalk to pedestrians crossing it?

"A.   Yes, sir."

From plaintiff's witness Joy, direct examination:

"Q.   State whether it is dangerous from its manner of construction, dangerous to pedestrians passing over it?   (Objection.   Overruled.)

"A.   I should think it was."

Other witnesses for plaintiff testified to the same effect, over defendant's objection.

The following questions, however, were propounded to plaintiff's witnesses, on direct examination, and answered, without any objections whatever from defendant, viz.:

Witness Mellinger, on direct examination:

"Q.   State whether, as a matter of fact, in your judgment, the manner in which those crossings are constructed, that they are dangerous to pedestrians crossing over them, persons walking over them?

"A.   In my judgment?

"Q.   Yes.

"A.   I think they are.

"Q.   Why?

"A.   On account of the shape of them.

"Q.   Just state to the jury all about it and why.

"A.   They are too oval.

"Q.   Is it from the manner in which they are constructed that they are dangerous?

"A.   I think so, at times."

On cross-examination defendant fully interrogated the witness concerning the above testimony.

Also from direct examination of plaintiff's witness Miller:

"Q.   From the manner in which it is constructed is that walk, in your opinion, dangerous to pedestrians crossing over it?

"A. Well, I think it has a little crown, a little bit too much. I think it would be a little bit dangerous there in wet weather, or snow."

Defendant's witness Lindow testified on direct examination as follows, Mr. Gentry, defendant's attorney, interrogating:

"Q. But generally speaking, from your experience and observation of the construction of similar crossings, this particular cross-walk, state whether it is safe or dangerous, in your opinion.

"A. That is a pretty broad question to answer; for myself I can say it is safe, because I never fell on it.

"Q. Can you say whether or not it is dangerous?

"A. Well, I can't say that it is dangerous."

Other similar questions were by defendant propounded to, and answered by its own witnesses.

From the foregoing it will be seen that the opinion of witnesses, of both plaintiff and defendant, was elicited without objection, as to whether or not the cross-walk was dangerously constructed, and cross-examination was freely indulged in by both parties as to the experience and qualification of such witnesses, without objection.

As to when and under what circumstances witnesses (expert or non-expert) will be permitted to give their opinion upon ultimate facts which are exclusively within the province of the jury to determine, we have a number of decisions of our own supreme court to guide us.

In *Colo. C. & I. Co. v. Lamb,* 6 Colo. App., 255, 40 Pac., 251, it was held that it was error to permit a witness, over objection, to state whether or not in his opinion the roof of the mine was properly secured at the time the deceased was at work. The court said:

"This was not a case which called for expert testimony on that subject. The answer of the witness, which was naturally adverse to the company, tended to determine the thing which was the very essence of the action,

to-wit, the negligence of the company. This was a question for the jury to determine under all the evidence. It was a matter which, when the facts were before them, they could as well decide as the witnesses themselves, and the case was not brought within the rule which permits the opinions of witnesses to be given to the jury in place of the facts on which those opinions must of necessity be based."

In *D. T. & Ft. W. R. Co. v. Pulaski I. D. Co.*, 19 Colo., 367, 35 Pac., 910, the court said:

"It is insisted by counsel for appellant that the testimony was inadmissible, because the mere opinion of witnesses who were not expert. While the general rule is that the opinion of a witness is inadmissible except when the injury involves a question of skill or science, and the witness possesses a peculiar knowledge of the subject, acquired by study or experience, there are well recognized exceptions to the rule, and among these exceptions are instances which involve a description or estimate of magnitude, size, dimension, velocity, value, etc., and when, from the nature of the subject under investigation, it is difficult or impossible to state with sufficient exactness, or in detail, the facts, with their surroundings, in such a manner as to produce upon the minds of the jury the impression that a personal observation has produced upon the mind of the witness."

Also in point: *Smuggler U. M. Co. v. Broderick*, 25 Colo., 16, 53 Pac., 169, 71 Am. St. Rep., 106; *R. G. W. R. Co. v. Boyd*, 44 Colo., 119, 96 Pac., 781; *Nichols v. C. B. & Q. R. R. Co.*, 44 Colo., 501, 98 Pac., 808; *D. & R. G. Ry. Co. v. Reiter*, 47 Colo., 417, 107 Pac., 1100.

From the foregoing authority it seems to be the established rule that it is reversible error to permit a witness to give his opinion as to the existence or non-existence of ultimate facts, which are to be determined only by the jury, unless such witness is testifying as a

qualified expert, or his testimony involves a description or estimate of magnitude, size, dimension, velocity, value, etc., or when, from the nature of the subject under investigation, it is difficult or impossible to state with sufficient exactness, or in detail, the facts, with their surroundings, in such a manner as to produce upon the minds of the jury the impression that a personal observation has produced upon the mind of the witness. If nothing appeared in this record upon this question but the interrogatories propounded to plaintiff's witnesses concerning their opinion as to the dangerous or faulty construction of the cross-walk, with proper objection thereto by defendant, and the overruling of the same by the court, this judgment would have to be reversed. Such, however, is not the case. As above shown, defendant, throughout the trial, not only permitted, without objection, one witness after another to give his opinion as to the dangerous construction of the cross-walk, but upon direct examination interrogated its own witnesses upon the same subject, and elicited from them their unqualified opinion concerning that fact. Under these conditions defendant must be held to have waived its right to predicate reversible error upon the refusal of the court to exclude the cumulative opinion evidence admitted over its objection.

Our own appellate courts, as well as those of other jurisdictions, have repeatedly passed upon this question, and we find them practically unanimous as supporting our conclusions.

From page 42, volume 9, Encyclopedia of Evidence, we quote:

"Thus the failure to sustain an objection to improper evidence is not prejudicial error where ample evidence to the same effect, establishing the same facts, has been admitted without objection, or, it has been held, where other evidence of the same fact has been introduced unchallenged."

In *D. & R. G. R. R. Co. v. Morrison,* 3 Colo. App., 194, 32 Pac., 859, a similar question being before the court, it was said:

"The contention was abandoned on argument, because the record disclosed that the objection was not preserved save by an exception to the testimony given by one witness, and the whole subject had been antecedently embraced in what had been offered and received without objection. Counsel very properly conceded that the force of the objection was destroyed, and that no valid error could be predicated on the ruling of the court."

*Moynahan v. Perkins,* 36 Colo., 481, 85 Pac., 1132, 10 An. Cas., 1061, involved the same point. The court said:

"But however this may be, its admission in any event would not have constituted prejudicial error, since the plaintiff testified to the value of his services without any objection to his qualification," etc.

In *Scott S. & T. Co. v. Roberts,* 42 Colo., 280, 43 Pac., 1123, in passing upon a question like the one before us, the supreme court used this language:

"Counsel for plaintiff in error   *   *   *   assigns as error the ruling of the court in admitting testimony offered by the defendant as to the construction that should be placed upon the written contract above mentioned.

"Whether the court erred in this particular we do not feel called upon to determine, since the plaintiff is not in a position to avail itself of this objection, having on its own behalf introduced testimony of the same tenor and effect."

To the same effect: *Bouknight v. Charlotte; etc., R. R. Co.,* 41 S. C., 415, 19 S. E., 915; *B. & O. R. Co. v. State, Use Chambers,* 81 Md., 371, 32 Atl., 201; *Seay et al. v. Fennell et al.,* 15 Tex. Civ. App., 261, 39 S. W., 181; *McCaffery v. St. L. & M. R. Ry. Co.,* 192 Mo., 144, 90

S. W., 816; *Olmstead v. City of Red Cloud*, 86 Neb., 528, 125 N. W., 1101; *Pratt v. Seamans*, 43 Colo., 517, 95 Pac., 929.

In the light of the authorities cited, as applied to the facts before us, we think the error of the trial court in admitting some of the objectionable testimony referred to, over defendant's objection, was not prejudicial. The record shows that there was about as much opinion evidence received without objection as was admitted over objection. The jury listened to opinion evidence of both parties, one affirming, the other denying, the dangerous construction of the cross-walk. They then made a personal examination of the same before rendering their verdict (the evidence showing that the walk was in the same general condition at the time of trial as at the time of accident). Under this aspect of the case it would be difficult to assert and maintain that the opinion evidence which was admitted over objection, although error, was prejudicial to defendant's rights. No fair presumption could be indulged in to that effect. Defendant having elected to pit the force and effect of the opinion evidence introduced by it upon the character of the cross-walk construction, against that of plaintiff, should not be heard, after an adverse finding by the jury, to insist that the error complained of was prejudicial.

Appellant also insists that it is entitled to a reversal because of error of the trial court in admitting, over its objection, other testimony, to the effect that, soon after the accident, sand and gravel were hauled and placed on the cross-walk by appellant, in order to make it more level and presumably safer for pedestrians using it. The record discloses that defendant pursued the same course at the trial, concerning this evidence, as that adopted by it concerning opinion evidence admitted over its objection, that is to say, it permitted other witnesses of plaintiff to testify, without objection, that after the accident

defendant hauled and placed sand on the cross-walk to make it safer for use by pedestrians, and in addition interrogated its own witnesses on their direct examination as to the same fact, and established by them the fact that defendant did place the sand on the cross-walk after the accident. We again say that, had defendant at the trial squarely stood upon its right to have such testimony excluded, and, when offered, had objected and saved its exception to the court's ruling in receiving it, and gone no further, the judgment could not be upheld; but, having pursued the course above shown, it waived its right in that regard. In personal injury cases a party charged with negligence in causing an accident should not be put in the apparent position of admitting negligence on its part upon mere proof that after the accident such party had taken reasonable and commendable steps to repair the thing causing the injury, in order to avoid possibility thereafter of similar accidents. Such action should receive the approval and encouragement of the courts, rather than necessitate the enforcement of a rule which subjects the party to a penalty for so doing. Here, however, defendant permitted such evidence to be introduced without objection, and afterwards, of its own motion, on original examination of its witnesses, interrogated them and brought out the same facts. The authorities heretofore cited are in point also on this question, and seem to uniformly hold that, under such circumstances, if the court erred in admitting such testimony, over objection, it was without prejudice.

The consideration of one more question will dispose of this appeal. Appellant contends that the court committed reversible error in permitting witnesses to testify that, prior to the accident, other persons had slipped and fallen upon this same cross-walk. Appellee claims that such evidence was admitted only for the purpose of showing knowledge of, and notice to, the municipal authorities,

·of the character and condition of the cross-walk, and not to establish negligence on the part of defendant. In this case there was an issue before the jury as to whether or not the city had notice and knowledge, prior to the time of the accident, of the dangerous condition and construction of the cross-walk. It was therefore proper for plaintiff to introduce evidence upon this point, and the jury were entitled to consider it for that purpose only. Had defendant feared that the jury might have misunderstood the real purpose for which this evidence was admitted, and believed themselves authorized to consider it as proof of negligence, it would have been entitled to submit a special instruction for the consideration of the court upon that point. This was not done. It seems to be well settled that, if evidence is competent and admissible for one purpose, though it might be considered incompetent for another, it is admissible for the purpose of applying it to the issues of fact which it is competent to sustain.— . Encyclopedia of Evidence, volume 3, page 188; Dillon's Municipal Corporations, volume 2, sec. 1025.

The case of *Hotchkiss Mt. M. & R. Co. v. Bruner*, 42 Colo., 305, 94 Pac., 331, was based upon the death of an employe who was killed while descending into the company's mine. Evidence had been admitted, over objection, to show that a previous accident had occurred at the same point shortly before the one causing the employe's death. The court held that the admission of this testimony was not error, and said:

"It is also contended that the court erred in admitting testimony of a previous accident and one which occurred shortly before the one involved. This testimony was admissible for the purpose of showing knowledge on the part of the defendant that the existing conditions were dangerous," citing cases.

The recent case of *Griffith v. City and County of Denver*, 55 Colo., 37, 132 Pac., 57, was one growing out of

injuries sustained by a pedestrian while walking upon one of the city's sidewalks. Justice Bailey rendered the opinion of the court, and disposed of the issues before the court by clear and forceful reasoning, some of such issues being almost identical with one or more involved in the present case. In that case it was held not to be error for the trial court to exclude from evidence testimony that other persons had slipped and fallen upon the sidewalk prior to the time of the accident. But it appears in the opinion that the question of notice to, and knowledge of, the city, concerning the alleged dangerous condition of the sidewalk for some time prior to the accident was not an issue in the case, and for that reason it was held that such evidence was inadmissible. The court said:

"The defendant, for answer to the complaint, admitted knowledge and notice of the condition and manner of construction of the walk, but alleged that it was a reasonably safe one," etc.

In the instant case, however, this matter was a direct issue, as such notice and knowledge, prior to the accident, on the part of the city, had been pleaded in the complaint and denied in the answer. The court further said, in the Griffith case:

"Bearing in mind that the testimony of former accidents was offered for the purpose of proving negligence, and could not have been properly offered for any other purpose, as that was the sole issue,   *   *   *

"And in *Denver City Tramway Co. v. Cowan*, 51 Colo., 64, 116 Pac., 136, it is said:

" 'The general rule is, that when a party is sued for damages arising from a particular act of negligence imputed to him, disconnected, though similar, negligence acts, are inadmissible. A different rule applies when the purpose of the evidence is to establish a previous and continuous defective or dangerous condition of a thing,

and knowledge or notice thereof upon the part of the person sought to be charged, or, perhaps, when its purpose is to charge one with notice of another's incompetency, and probably, in a few other instances not necessary to notice here.' "

*District of Columbia v. Armes*, 107 U. S., 519, 27 L. Ed., 618, 2 S. C. Rep., 840, was an action for personal injuries received from falling on a sidewalk. It was there objected by defendant that the admission of evidence of other people slipping and falling upon the sidewalk at the same place, prior to the time of the accident complained of, was reversible error. The supreme court disposed of the contention adversely to defendant, and held the evidence admissible as tending to show the dangerous character of the place where the injury occurred, and to show notice on the part of the city of that fact.

There are some other minor questions raised, not necessary to consider. The case appears to have been fairly tried. The record in no way intimates prejudice or passion on behalf of the jury, or that the substantial rights of defendant have been invaded.

*Judgment Affirmed.*