**Sidney WILSON et ux., Appellants,**

**v.**

**Annie MITCHELL, Appellee.**

No. 15221.

Court of Civil Appeals of Texas.

Dallas.

Feb. 21, 1957.

Helen M. Viglini, Dallas, for appellants.

H. E. Tarpley and E. F. Kucera, Dallas, for appellee.

DIXON, Chief Justice.

Appellants Chinese Wilson and her husband Sidney Wilson filed this action, which they call a bill of review, attacking a judgment rendered against Sidney Wilson and in favor of appellee Annie Mitchell on April 6, 1955, in a trespass to try title suit. The appeal is from a summary judgment rendered March 19, 1956 against Chinese Wilson and Sidney Wilson denying them all relief.

In connection with the summary judgment the trial court made these findings: "that there is no allegation or proof or claim of any fraud, accident or mistake in the procuring of the judgment on April 6, 1955; that the pleadings show an absence of any genuine issue as to any material fact, and that said Chinese Wilson and Sidney Wilson are each estopped from presenting the matter complained of by them, and that this Summary Judgment should be rendered for Annie Mitchell, who is entitled to such judgment as a matter of equity and of law."

Appellants base their appeal on these points: (1) Fact issues are presented under the record; (2) the court erred in holding that appellee is entitled to judgment as a matter of equity; and (3) the court erred in basing its judgment, in whole or in part, on a finding that there is no allegation of fraud, accident or mistake.

Chinese Wilson, though she testified as a witness, was not a party to the original trespass to try title suit filed by Annie Mitchell against Sidney Wilson. However, she claims an interest in the property in question in her own right, alleging that Charles Wilson and his wife, Nannie Annette Wilson, the owners of the property prior to the year 1943, made a parol gift of it to her and her husband Sidney Wilson.

This gift according to appellants was followed by immediate possession by appellants, which possession continued for many years, appellants occupying the property as their homestead and adding valuable improvements to it.

■ Appellee's motion for summary judgment, though sworn to by Annie Mitchell, does not meet the requirements laid down in Rule 166–A, Texas Rules of Civil Procedure, therefore cannot itself be regarded as an affidavit within the meaning of the summary judgment rule. No affidavits or depositions or other documents were submitted in support of the motion except a transcript of the testimony of Chinese Wilson at the trial of the original trespass to try title suit.

■ We agree with appellants that under the record before us fact issues are presented by Chinese Wilson as to her claimed title interest and her alleged homestead rights in the property, and that her claims were not adjudicated in the trespass to try title suit in which only her husband was a party. Behrens v. Behrens, Tex. Civ.App., 186 S.W.2d 697; Medearis v. Buratti, Tex.Civ.App., 275 S.W. 617; Seay v. Fennell, 15 Tex.Civ.App. 261, 39 S.W. 181.

Appellee argues that Chinese Wilson must rightly be considered a party to the original suit since she was called as a witness and testified during the trial. 15 R.C.L. 1009–1010. But there is nothing in the record to show that Chinese Wilson conducted or controlled the defense presented by her husband in the suit against him. In the absence of such a showing, her mere appearance as a witness in that suit is not sufficient to constitute her a party whose interests were adjudicated therein. Smith v. New Waverly State Bank, Tex.Civ.App., 76 S.W.2d 201; Stockwell v. McAlvay, 10 Cal.2d 368, 74 P.2d 504; Collard v. Universal Automobile Ins. Co., 55 Idaho 560, 45 P.2d 288; Flinn v. Blakeman, 71 S.W.2d 961.

■ Appellee also argues that appellants do not meet the requirements necessary to establish a valid parol gift of land. While the law does not look with favor on parol gifts of real property, it is settled that such a gift will be enforced in equity when (1) possession under the gift has been taken and held by the donee with the consent of the donor, and (2) permanent and valuable improvements have been made in reliance on the gift and with the consent and knowledge of the donor. 21 Tex.Jur. 36. In this case Chinese Wilson claims that immediately after the gift was made, she and her husband moved onto the premises and lived there with Charles Wilson and Nannie Annette Wilson, the donors, until their deaths. Meanwhile they, Chinese Wilson and her husband Sidney Wilson, had made permanent and valuable improvements. This joint occupancy, if the other conditions are met, will not defeat a parol gift. 21 Tex.Jur. 37.

■ In support of her motion for summary judgment appellee says that appellants failed to allege a cause of action entitling them to a bill of review, in that they did not allege that the original judgment against Sidney Wilson was procured by fraud, accident or mistake, or that appellants were diligent and had a meritorious defense.

Appellee's position is not well taken. Appellee had leveled exceptions at appellants' petition, but they were not acted upon by the court. We think that before appellee's motion for summary judgment was considered, appellee's exceptions should have been acted upon, and appellants given an opportunity to amend. Ross v. Burleson, Tex.Civ.App., 274 S.W.2d 105; Andrews v. Austin Motor Truck Co., Tex.Civ.App., 259 S.W.2d 772; King v. Rubinsky, Tex. Civ.App., 241 S.W.2d 220.

■■ Furthermore, since Chinese Wilson was not a party to the original suit she was not required to plead all the elements necessary to a bill of review in order to assert her rights. In our opinion she was a necessary and indispensable party to the first suit. Failure to join her as a party made the judgment of no force or effect as to her. She had the option to have the judgment vacated as to her in a direct proceeding or to attack it as void in any collateral proceeding where rights might be asserted against her by reason of said judgment. Bussan v. Donald, Tex.Civ.App., 244 S.W.2d 271; Humble Oil & Refining Co. v. Carr, Tex.Civ.App., 243 S.W.2d 709; State Mortgage Corp. v. Traylor, 120 Tex. 148, 36 S.W.2d 440; Seay v. Fennell, 15 Tex.Civ.App. 261, 39 S.W. 181.

Appellants' points on appeal are sustained. The judgment of the trial court is reversed and the cause is remanded for another trial.